YATES *v.* MILWAUKEE.

1. The owner of land bounded by a navigable river has certain riparian rights, whether his title extend to the middle of the stream or not.
2. Among these are, free access to the navigable part of the stream, and the right to make a landing, wharf, or pier for his own use, or for the use of the public.
3. These rights are valuable, and are property, and can be taken for the public good only when due compensation is made.
4. They are to be enjoyed subject to such general rules and laws as the legislature may prescribe for the protection of the public right in the river as a navigable stream.

5. But a statute of a State which confers on a city, the power to establish dock and wharf lines, and to restrain encroachments and prevent obstructions to such a stream, does not authorize it to declare by special ordinance a private wharf to be an obstruction to navigation and a nuisance, and to order its removal, when, in point of fact, it was no obstruction, or hindrance to navigation.

6. The question of nuisance or obstruction must be determined by general and fixed laws, and it is not to be tolerated that the local municipal authorities of a city declare any particular business or structure, a nuisance, in such a summary mode, and enforce its decision at its own pleasure.

APPEAL from the Circuit Court, District of Wisconsin. The case was this:

In the year 1856, Shepardson, who was the owner of a lot in Milwaukee fronting on the Menomonee and Milwaukee Rivers in the said city, and who had begun to build a wharf at the junction of those rivers, conveyed the interest that he had in the wharf and in the front of the lot to the centre of the Milwaukee River, to one Yates, with the right and privilege of docking, dredging out, and making a water front on the Milwaukee River. Between the margin of the water, which for the purposes of this case may be assumed to be the eastern boundary of Shepardson's lot, and the navigable channel of the Milwaukee River, a space intervened which was covered with water more or less, but which was of no use for purposes of navigation. The title of this was supposed by Shepardson and Yates to be conveyed by the deed from the former to the latter, and over it Yates built a wharf of the width of the lot, and extending one hundred and ninety feet, in order to reach the navigable part of the river.

An act of the Wisconsin legislature, approved March 31st, 1854, had authorized the common council of Milwaukee, " *by ordinance,* to establish dock and wharf lines upon the banks of the Milwaukee and Menomonee Rivers, restrain and prevent encroachments upon said rivers and obstructions thereto; . . and also to cause the said Milwaukee River to be dredged," &c., and in 1864, the city by an ordinance declared *this* wharf an obstruction to navigation, and a nuisance, and ordered it to be abated. On the refusal of

Yates to abate it himself, the city entered into a contract with one Miller, to remove it, and thereupon Yates filed the bill in the court below against the city and Miller, to restrain them from doing so.

There was no evidence to show that the wharf was an actual obstruction to navigation, or was in any other sense a nuisance.

It appeared, however, by the record of the case of *Judd*

v. *Yates*, in the Supreme Court of Wisconsin,* that some
time before this bill Yates sued one Judd (a stranger to this
suit), alleging that he, Yates, was the owner of the wharf
in question, and that Point Street, which was originally laid
out to the low and unnavigable waters of the river, had
been filled in, on the north half thereof, adjacent to the
wharf of the plaintiff; that the defendant had wrongfully
entered upon that portion of Point Street which had been
filled in and graded, and had excavated the same ;† and that,
in consequence thereof, the wharf of the plaintiff had been
undermined, &c., and he claimed damages for this conse-
quential injury.

The answer set up, that the former owners of the premises
had made a plat; that, in subsequent partition suit between
the owners, the court had adopted the plat, and divided the
lots among the owners with reference to the plat; that the
plat represented the premises as a portion of Milwaukee
River, and that " *the premises became thereby a highway by
water.*"

The defence was sustained by the Supreme Court of Wis-
consin, upon the doctrine of dedication; it conceiving that
the premises for the injury to which the plaintiff complained,
were devoted by the original proprietors to the public use
as a highway by water, and consequently that the grading,
filling, and other works of the plaintiff within the line of
such highway, by which it is blocked up and destroyed, were
a public nuisance.

The court, in its opinion in the case, speaking of the plat,
say :

" Highways by land and highways by river, wherever clearly
delineated and their boundaries fixed, *stand on the same footing,*
and it is immaterial whether they are actually passable in the
whole extent or not. *If not passable, the public have the right to
make them so,*" &c.

In the present suit, the court below, relying perhaps on

---

* 18 Wisconsin, 118.

† The star on the diagram on p. 499, represents apparently this spot.

the decision referred to, dismissed the bill. The complainant appealed.

*Mr. Carpenter, for the appellant:*

The law is settled in Wisconsin, by *Walker* v. *Shepardson,*\* that the owner of land bordering upon a fresh-water stream, above the ebb and flow of the tide, owns to the centre of the stream; subject to the right of the public to use the same as a highway where it is navigable *in fact.*

But conceding that as matter of fact this wharf is an obstruction of navigation, still this decree should be reversed, and the injunction prayed for by the bill should be granted. It is now fully established,† that if there be a nuisance in a public highway, a private individual cannot of his own authority abate it unless it does him a special injury, and can only interfere with it so far as is necessary to exercise his right of passing along the highway.

The legislature did not mean to give the city the power which it attempts to exercise; and if it did mean to do so, it had no power to give it. The city may by " *ordinance,*" establish dock lines, &c. They may pass an ordinance, with penalty for disobedience, and if not obeyed they can bring an action to collect the penalty. The validity of the ordinance can then be tested. But they cannot, by an ordinance, employ a man to demolish a dwelling-house alleged by them to encroach on the highway. That would not be an ordinance, or law, or rule of action. In other words, they may pass a law to provide for the punishment of any man who does obstruct a highway, but they can't pass an ordinance declaring that A.'s wharf does this; that would be an exercise of judicial power.

*Mr. Ryan, contra:*

1. The *locus in quo* is a public highway.

The Milwaukee River is a navigable stream, and as such

---

\* 4 Wisconsin, 486.

† Bridge *v.* Railroad, 3 Meeson & Welsby, 244; Davies *v.* Mann, 10 Id. 546; Mayor of Colchester *v.* Brooke, 7 Q. B. 339; Dimes *v.* Petley, 15 Adolphus & Ellis, N. S. 276; Harrower *v.* Ritson, 37 Barbour, 301.

is a "public highway, forever free."* Many public acts of
the territory and State of Wisconsin, and of the United States
recognize it as a navigable stream. It was meandered as
such by the Federal government. Acts of the State and
Territory authorize bridges over it, and provide for draws
therein for the passage of vessels.

Being a highway, it is such in its whole width, from bank
to bank, although some portions are too shallow for some
uses; just as a street is none the less a highway because it is
not worked and fit for use in its whole width. Riparian
owners hold but to the edge, not *ad medium filum.*†

The premises in question are made a public highway by
water by *dedication* of the owners of the fee and acceptance
by the public. By the plat made by the proprietors, the
streets, alleys, and rivers, as designated thereon, were dedi-
cated to the public use. In *Yates* v. *Judd,* Yates asserted
the same right, to the same premises, in an action in the
State courts of Wisconsin. The decision of that case estab-
lishes the law of Wisconsin on the questions necessarily in-
volved in the present suit. It disposes of all the merits of
the complainant's case; and binds this court under its own
rule of decision to recognize the adjudication of the highest
State courts on matters concerning State laws. *Walker* v.
*Shepardson,* relied upon by Mr. Carpenter, must be read by
its light.

2. It is said that the city had no power to remove the ob-
struction. The city, by its charter, has charge of all the
public highways within its corporate limits, and has a special
duty to keep the river dredged to a sufficient depth. It has
established a wharf and dock line under the authority of the
statute of 1854. Yates's wharf comes beyond it. It is there-
fore difficult to see the force of the opposing argument.
This point also is settled by *Yates* v. *Judd.*

*Reply :* The decision in *Yates* v. *Judd,* is not upon the con-

---

* Ordinance of 1787; Const., Art. IX, sec. 1.

† Keen *v.* Stetson, 5 Pickering, 494; Stetson *v.* Faxon, 19 Id. 147; Lan-
sing *v.* Smith, 4 Wendell, 21; Commissioners *v.* Long, 1 Parsons, 143.

struction of any statute or constitutional provision of the State, but upon a principle of the common law. Such a decision this court is not bound to follow.

Moreover, the decision is not sound in doctrine, and ought not to be followed. It is erroneous in holding that by the platting of the land upon the bank of the river, and representing the river as it existed in nature, the proprietors intended to, or in law did, part with their rights as riparian owners. No authority is cited, no reason given, for this view; none can be. The distinction between *land* and *water* is founded in nature. When a proprietor makes a plat, and lays out a street on his own land, it is fair to say that he intended to establish a highway of the precise dimensions indicated by his plat; for the reason that it was made a highway only by his act, and that if he had not intended to make it a highway to the extent indicated, he would not have so indicated it. But Milwaukee River does not owe its existence, capacity, or limits, to any proprietor or plat. The sensible doctrine is that which everybody knows corresponds with the fact, that in platting land bordering upon a river the owner intends to mark only the line of separation, as it exists in fact between land and water, without intending to indicate where the navigable channel is at present, or to predict where it will be in the future; and that, as a riparian proprietor, he intends to retain the right to reach the navigable channel of the river, wherever it is or may be, with piers and wharves.

Mr. Justice MILLER delivered the opinion of the court.

The defendants, in support of their right to remove the wharf, seem to rely—1st, upon the want of title in the plaintiff to the *locus in quo;* and 2d, upon the absolute power of the city of Milwaukee, as the repository of the public authority on the subject of wharves, piers, and other matters affecting the navigation of the river within the city limits, to determine the character and location of such structures.

As to the first of these propositions, it does not seem to be necessary to decide whether the title of the lot extends to

the thread of the channel of the river, though if the soil was originally part of the public lands of the United States, as seems probable, the case of *The Railroad Company* v. *Schurmier*,* would limit the *title* to the margin of the stream.

But whether the title of the owner of such a lot extends beyond the dry land or not, he is certainly entitled to the rights of a riparian proprietor whose land is bounded by a navigable stream; and among those rights are access to the navigable part of the river from the front of his lot, the right to make a landing, wharf or pier for his own use or for the use of the public, subject to such general rules and regulations as the legislature may see proper to impose for the protection of the rights of the public, whatever those may be. This proposition has been decided by this court in the cases of *Dutton* v. *Strong*,† and *The Railroad Company* v. *Schurmier*, just cited. The Supreme Court of Wisconsin has gone further, and asserts the doctrine that the *title* of the owner of such a lot extends to the centre of the stream, subject to the easement of the public in its use for navigation, and that he " may construct docks or landing-places for goods or passengers, taking care that vessels employed in navigating the stream are not impeded in their passage, nor prevented from the use of all parts of the stream which are navigable."‡

This riparian right is property, and is valuable, and, though it must be enjoyed in due subjection to the rights of the public, it cannot be arbitrarily or capriciously destroyed or impaired. It is a right of which, when once vested, the owner can only be deprived in accordance with established law, and if necessary that it be taken for the public good, upon due compensation.

The act of the Wisconsin legislature, approved March 31, 1854, confers upon the city of Milwaukee the authority to establish dock and wharf lines on the banks of the Milwaukee and Menomonee Rivers, and restrain and prevent encroachments upon said rivers and obstructions thereto,

---

* 7 Wallace, 272.          † 1 Black, 25.

‡ Walker *v.* Shepardson, 4 Wisconsin, 486.

and it is by this statute that the summary proceedings for the removal of appellant's wharf are supposed to be authorized. But the mere declaration by the city council of Milwaukee that a certain structure was an encroachment or obstruction did not make it so, nor could such declaration make it a nuisance unless it in fact had that character. It is a doctrine not to be tolerated in this country, that a municipal corporation, without any general laws either of the city or of the State, within which a given structure can be shown to be a nuisance, can, by its mere declaration that it is one, subject it to removal by any person supposed to be aggrieved, or even by the city itself. This would place every house, every business, and all the property of the city, at the uncontrolled will of the temporary local authorities. Yet this seems to have been the view taken by counsel who defended this case in the Circuit Court; for that single ordinance of the city, declaring the wharf of Yates a nuisance, and ordering its abatement, is the only evidence in the record that it is a nuisance or an obstruction to navigation, or in any manner injurious to the public.

It is true that it is said in argument that the city council has established a wharf and dock line under the authority of the statute we have cited, and that Yates's dock projects beyond that line.

No such defence is set up in the answer, and the existence of such a line, being a matter of which the court could not take judicial notice, it cannot be taken into account here, though there is some testimony on the subject as to two different dock lines, one made before and the other after Yates's wharf was built. But however this may be, we are of opinion that the city of Milwaukee cannot, by creating a mere artificial and imaginary dock line, hundreds of feet away from the navigated part of the river, and without making the river navigable up to that line, deprive riparian owners of the right to avail themselves of the advantage of the navigable channel by building wharves and docks to it for that purpose.

The case of *Yates* v. *Judd*,* is much relied on as conclusive of the one before us. Not as a technical estoppel, though one of the parties is grantor of the lot in question to the present plaintiff, and the suit embraced some of the points mooted here. But it is said that, as a case establishing the law of the State of Wisconsin on the questions necessarily involved in the present suit, we are bound to follow it in this court.

We do not see in that case any legal proposition decided in conflict with what we have said in the previous part of this opinion. The court held that from the plat made by the original owners, who had laid out the lots, they would infer a dedication of the space covered with water, in front of the dry land of the lots, to public use, and that Yates's wharf was an invasion of that public right. This question of dedication, on which the whole of that case turned, was one of fact, to be determined by ascertaining the intention of those who laid out the lots, from what they did, and from the application of general common law principles to their acts. This does not depend upon State statute or local State law. The law which governs the case is the common law, on which this court has never acknowledged the right of the State courts to control our decisions, except, perhaps, in a class of cases where the State courts have established, by repeated decisions, a rule of property in regard to land titles peculiar to the State.

This is not such a case. In every instance where the question of a dedication might arise it would be decided on the special facts of each case even in the Wisconsin courts, and the case of *Yates* v. *Judd* lays down no principle of law which would govern all such cases. The Supreme Court inferred from the facts as presented in that case a dedication of the land between the lot, as ascertained by its given dimensions, and the navigable channel of the river. That question does not arise here, because, as we have already seen, the case of *The Railroad Company* v. *Schurmier* decided

---

* 18 Wisconsin, 118.

that if the lot, as thus described, came to the margin of the stream, no title to the precise locality supposed to be dedicated ever passed from the United States.

Much, however, as we respect that court, we feel at liberty to hold, as we do, that there is no valid dedication as the case is presented to us.

On the whole we are of opinion that Shepardson, as riparian owner of a lot bounded by a navigable stream, had a right to erect this wharf, and that Yates, the appellant, whether he be regarded as purchaser or as licensee, has the same right; and that if the authorities of the city of Milwaukee deem its removal necessary in the prosecution of any general scheme of widening the channel and improving the navigation of the Milwaukee River, they must first make him compensation for his property so taken for the public use.

The decree of the Circuit Court is therefore REVERSED, with instructions to enter a decree enjoining the defendants below from interfering with plaintiff's wharf, reserving, however, the right of the city to remove or change it so far as may be necessary in the *actual* improvement of the navigability of the river, and

UPON DUE COMPENSATION MADE.