## TOWN OF NORTH HEMPSTEAD v. GREGORY.

### (Supreme Court, Special Term, Queens County. 1894.)

1. NAVIGABLE WATERS—RIPARIAN RIGHTS OF ADJOINING OWNER.

    Where a town by virtue of its charter becomes the owner of both the land and the water within its limits, a grant by such town of land adjacent to the navigable water conveys an easement in the water.

2. SAME—APPROPRIATION OF FEE—INJUNCTION.

    A grantee of land adjacent to navigable waters, who exercises his riparian rights by filling the bay with old vessels, to be broken up and dismantled, takes more than his easement in such waters, and appropriates the fee; and such appropriation will be restrained.

Injunction by the town of North Hempstead against Matthew H. Gregory. Injunction granted, with damages.

M. Linn Bruce, for plaintiff.

Edwin G. Davis, for defendant.

CULLEN, J. Though the title to the waters of the bay and the lands under water is in the plaintiff town, I shall assume the law to be that the defendant has the same riparian rights therein, as owner of the adjacent upland, that he would have were the title to the waters and the lands thereunder in the state. It was formerly held the law in this state that owners of uplands adjacent to navigable waters had no right in such waters, and that they could be wholly excluded from access to the water by grants to other persons. Gould v. Railroad Co., 6 N. Y. 522. This doctrine has been recently overruled by the court of appeals, and the adjacent owner held to have a private right or easement in the adjacent waters. Rumsey v. Railroad Co., 133 N. Y. 79, 30 N. E. 654. Before this last decision, there are many cases to be found in the Reports, the decisions in which proceed, at least in part, upon the authority of Gould v. Railroad Co. I do not think it necessary to review these cases. Those relating to the city of New York are generally governed by the particular terms of the grants made by that city. But I see no distinction in principle between this case and the Rumsey Case. In the case cited, the title to the upland must have originally proceeded from the crown or from the state, which owned waters and uplands alike. Here the town, by virtue of its charter, became the owner of both the lands and the water within its limits, and the title of the defendant to the upland must have been derived by grant from the town. I assume that it would have been possible for either of these owners to have granted the upland in such form as to have excluded the grantee from any interest in the adjacent waters. But as, in the absence of any proof to that effect, the grantee of the crown took an easement in the waters of the river adjacent, I do not see why the same presumption should not apply to the grantee of the town, and that, when the town granted the upland bordering on the bay, it granted thereby an easement in the adjacent waters. The question then arises, what are the riparian rights of the adjacent owners? These are defined to be: "Access to the navigable river in front of his lot; the right to make a landing wharf or pier for his own use, or the use of the public,"—subject to the general rules im-

posed by the legislature for the rights of the public. Yates v. Milwaukee, 10 Wall. 497, 19 L. Ed. 984. I cannot find that riparian rights extend beyond this. The fee of the lands under water is in the state, or, in this case, in the town. Here the defendant has used the lands under water substantially as a shipyard, differing from ordinary shipyards in that in the latter vessels are constructed, while here they are dismantled or broken up. In my opinion, this is an exclusive appropriation of the fee itself, not merely the exercise of an easement. It leaves nothing in the owner of the soil. It is not necessary that the defendant's act should interfere with navigation. It is sufficient that it is a burden imposed upon the plaintiff's land beyond that the law grants him. There are three rights here,—the right of defendant as a riparian owner, the right of the public to navigation, the right of the plaintiff as owner of the waters and lands under them. The use the defendant seeks to make of the lands under water is nowise similar to the erection of a pier or landing place, and is therefore illegal, as against the owner of the fee.

There should be judgment for plaintiff for an injunction as prayed for, with six cents damages and costs.