(32 Misc. Rep. 478.)
PEOPLE v. PEOPLE'S COAL CO. OF PLATTSBURG et al.

(Supreme Court, Special Term, St. Lawrence County.     September, 1900.)

TEMPORARY INJUNCTION—WHARF—MAINTENANCE.
     Where a riparian owner, without authority from the state, had partly
constructed a dock, which was not in the line of navigation, and could
obstruct only vessels of very light draught, the state, in an action to com-
pel the removal of such dock, was not entitled to a temporary injunction
restraining its erection and maintenance until final disposal of the case,
since the possibility of it constituting a nuisance was not sufficient to
warrant depriving the owner of its use.

Action by the people of the state of New York against the Peo-
ple's Coal Company of Plattsburg and another.  Motion by defend-
ants to vacate a temporary injunction restraining the erection and
maintenance of a dock.  Motion granted.

John C. Davies, Atty. Gen., for the People.
Wheeler & Woodward (S. L. Wheeler, of counsel), for defendants.

RUSSELL, J.  Near the village of Plattsburg, N. Y., on the west-
ern shore of Lake Champlain, the defendants, as riparian owners,
have partially constructed a dock extending into the lake, for land-
ing coal and other commodities.  The dock is far out of the usual
line of navigation, and could only be an obstruction to a vessel of
very light draught, sailing over an unfrequented course without the
aid of the light of day or a stationary artificial light on the pier.
The defendants have only the right of riparian owners, no grant of
the lands under water having been received from the state.  The
attorney general brings this action for the people to restrain the erec-
tion and maintenance of the dock, and has obtained a temporary in-
junction, which is now sought to be set aside.

The paramount use of navigable waters is for the public, and no
private interests can obstruct.  Congress has the superior power to
prescribe the use of those waters so far as commerce with other
states and foreign nations is concerned.  Subject to this power, the
state in which the navigable waters lie has the title to the bed for
the use of the public.  Illinois Cent. R. Co. v. Illinois, 146 U. S.
387, 13 Sup. Ct. 110, 36 L. Ed. 1018.  But the riparian owner has the
right of free access for landings, wharves, and piers for the use of
the public and himself, which cannot be taken from him by the pub-
lic, except by due compensation.  These rights, of course, are sub-
ject to the general rules and laws of the legislature for the protec-
tion of the public under general and fixed laws, and not special
enactments against a private wharf.  Yates v. City of Milwaukee,
10 Wall. 497, 19 L. Ed. 984.  Hence, subject to the right of the state
to improve navigation, and the power of congress to provide for the
uses of commerce, the owner of land bounded upon navigable water
may obtain damages for any obstruction which prevents his right
of access to the navigable portion of the stream and his power to
construct a landing or wharf.  Rumsey v. Railroad Co., 133 N. Y.
79, 30 N. E. 654, 15 L. R. A. 618.  These rights pertain even to ri-

66 N.Y.S.—34

parian owners on New York Bay. City of Brooklyn v. Mackay, 13 App. Div. 105, 42 N. Y. Supp. 1063. And the state cannot compel them to remove a wharf, even though they have no grant from the state, unless the wharf is a nuisance or obstruction as an actuality, and not a mere possibility. People v. Mould, 37 App. Div. 35, 55 N. Y. Supp. 453. The test, therefore, seems to be whether, at the time of its construction and maintenance, the wharf lies in the pathway of customary navigation, or so near to it as to make its presence dangerous. If it does, or if the state or congress has intervened by general law, the wharf is a purpresture, or a nuisance, and may be abated. If not, the riparian owner has the incidental power to use his water front for the service of the public and himself, and is not condemned to let it lie idle for the benefit of nobody, and to his own great detriment. In the case at bar the position of the defendants on the question of fact as to obstruction is much strengthened by their expenditure of considerable sums of money in the confident assumption that their wharf is not in the way, and with the assured result of a total loss in case a trial of the issue should demonstrate the fact to be against them; and I do not see how the interests of the people of the state may be harmed by the maintenance of the wharf until trial and judgment. Injunction vacated, with motion costs to abide the event.

Injunction vacated, with costs.