McCarthy, Appellant, vs. Murphy and another, Respondents.

*September 9—September 29, 1903.*

*Waters: Riparian owners: Exclusive right to build piers: Private
nuisance: Abatement: Conversion.*

1. A riparian owner on an inland navigable lake has the exclusive
right to build piers and wharves in front of his land in aid
of navigation, and may remove, as a private nuisance, a pier
erected there by another person.
2. Where riparian owners on a lake, after carefully removing a
pier built by another person in front of their land, placed the
material on the shore, and the builder of the pier afterwards
took possession thereof, there was no actionable conversion of
such material by said riparian owners.

APPEAL from a judgment of the circuit court for Dodge
county: James J. Dick, Circuit Judge. *Affirmed.*

An action to recover damages from respondents for removing a pier, which appellant had erected on the bed of Fox
Lake, Dodge county. The respondents were lessees of a tract
of land on Fox Lake, a navigable body of water. The land
was owned by one Elias Kennedy, who leased it to respondents April 23, 1902, for one year, with the privilege of extension at the option of the lessees. Appellant's pier was
erected in front of the premises included in the lease. The
pier was connected with the shore by a loose plank or planks,
for landing on the premises of respondents. Appellant was
engaged in carrying passengers by boat, receiving and leaving
them on this pier. He had no right or title to the bank on
the shore of the lake where the pier was located. Respondents
and their lessor, Elias Kennedy, caused a written notice to
be served on appellant July 31, 1902, requiring him to remove the pier. This appellant refused and omitted to do.
Thereafter respondents removed the pier, placing the mate-

rial on the shore.   Subsequently appellant took possession of it.   The pier was constructed and located wholly within and upon the bed of the lake and shore of the premises occupied by respondents as lessees.   They conducted a hotel and summer resort, and engaged in the business of conveying passengers by row, sail, and steam boats.   They had constructed and owned a pier abutting on the bank for the use of guests and boat passengers.   The court found that the plaintiff had no cause of action, and awarded judgment to respondents for costs and disbursements.

*M. E. Burke,* for the appellant, contended, *inter alia,* that the title of owners of land bounding upon an inland, natural, navigable lake, ends with the high-water mark, and all of the soil or the bottom of the lake below high-water mark is held by the state in trust for the people.   *Pewaukee v. Savoy,* 103 Wis. 271; *Mendota Club v. Anderson,* 101 Wis. 479–492; *Ne-pee-nauk Club v. Wilson,* 96 Wis. 290; *Delaplaine v. C. & N. W. R. Co.* 42 Wis. 214; *Boorman v. Sunnuchs,* 42 Wis. 233; *Diedrich v. N. W. U. R. Co.* 42 Wis. 248.   The soil of the lake between low and high-water mark, even when uncovered by water, continues in the possession of the state, the same as that portion of the bottom of the lake which is never uncovered by water.   *Diedrich v. N. W. U. R. Co.* 42 Wis. 248; *Illinois S. Co. v. Bilot,* 109 Wis. 418.   This was an action for the conversion of personal property owned and possessed by plaintiff, which had been placed in the navigable waters of Fox lake in the form of a pier.   *Larson v. Furlong,* 50 Wis. 681, 686.   The defendants had no right to remove or destroy the plaintiff's pier unless it occasioned them some special damage or injury not common to the rest of the public. *Larson v. Furlong,* 50 Wis. 686, 687; *S. C.* 63 Wis. 325; *Walker v. Shepardson,* 2 Wis. 384; *S. C.* 4 Wis. 486; *Barnes v. Racine,* 4 Wis. 454; *Carpenter v. Mann,* 17 Wis. 155; *Cobb v. Smith,* 23 Wis. 261; *Greene v. Nunnemacher,* 36

Wis. 50; *Remington v. Foster,* 42 Wis. 608; Wood, Nuisances, §§ 618–676.

For the respondents there was a brief by *North & Lindley,* attorneys, and *M. L. Lueck,* of counsel, and oral argument by *Mr. Lueck.*

SIEBECKER, J. Many of the errors assigned pertain to questions of fact. Upon an examination of the evidence, we find there was conflicting evidence on material issues, and that the conclusions of the court were supported by evidence. It would serve no useful purpose to point out such evidence in the record; the conclusions of fact must stand.

The claim is made that respondents had no rights or privileges, extending beyond the high-water mark on the land occupied by them, different from and in addition to those of the public. This contention is without merit in the law of this state. It has been adjudged by this court as to the shore owner:

"As proprietor of the adjoining land, and as connected with it, he has the right of exclusive access to and from the waters of the lake at that particular place; he has the right to build piers and wharves in front of his land out to navigable waters, in aid of navigation, not interfering with the public use. These are private rights, incident to the ownership of the shore, which he possesses, distinct from the rest of the public. All the facilities which the location of his land with reference to the lake affords he has the right to enjoy for purposes of gain or pleasure; and they oftentimes give property thus situated its chief value. It is evident from the nature of the case that these rights of user and of exclusion are connected with the land itself, grow out of its location, and cannot be materially abridged or destroyed without inflicting an injury upon the owner, which the law should redress. It seems unnecessary to add the remark that these riparian rights are not common to the citizens at large, but exist as incidents to the right of the soil itself, adjacent to the water. . . . In such ownership they have their origin. They may

and do exist, though the fee in the bed of the river or lake be in the state." *Delaplaine v. C. & N. W. R. Co.* 42 Wis. 214; *Priewe v. Wis. State L. & I. Co.* 93 Wis. 534, 67 N. W. 918, and cases cited.

When such owner exercises these rights, he cannot invade the riparian rights of other bank owners. As to them, he has the same rights as the public. An intrusion of another's riparian rights is a legal wrong, which the law will redress. Nor can a stranger, by such intrusion on the bed of the water, acquire any vested rights or interests as against the riparian owners. Any structure erected by him, under such circumstances, is a private nuisance. The proprietor of such rights has the legal authority to protect them in a lawful and peaceable manner, to the extent of removing a structure, such as a pier, erected on the bank and bed of the waters in front of his lands. *Diedrich v. N. W. U. R. Co.* 42 Wis. 248; *Cohn v. Wausau B. Co.* 47 Wis. 322, 2 N. W. 546; *Yates v. Milwaukee,* 10 Wall. 497.

Appellant had acquired no right to maintain this pier at the point of its location by grant or license. It is assigned that the facts fail to support the conclusions of the trial court upon this issue. The evidence is conflicting whether Kennedy, the owner of the bank of the lake, at any time gave appellant a license to build the pier at the place located or not. The trial court found the fact against this contention, upon the disputed evidence, which sets the question at rest. When appellant erected and sought to maintain this pier, he did an injury to respondents, in the nature of a private nuisance, which they had a right to remove, to prevent injury from its continuance. Cooley, Torts (2d ed.) p. 48; *Larson v. Furlong,* 50 Wis. 681, 8 N. W. 1.

It is further contended that respondents, after removing the pier, appropriated the material to their own use. Nothing is disclosed to justify this charge. Upon the evidence adduced, the court found that respondents carefully removed

the pier, placed the material upon the shore of the lake, and that appellant took possession of such material. There is evidence to sustain this conclusion. We find no error in the record.

*By the Court.*—The judgment of the circuit court is affirmed.