# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## GRINELS v. DANIEL.

March 21, 1910.

Absent, Harrison, J.

1. NAVIGABLE WATERS—*Riparian Owners—Lease of Land For Wharfs— Use For Other Purposes.*—The lease of a parcel of land on the beach of a navigable river for the purpose of erecting thereon a steamboat wharf does not deprive the lessor of his riparian rights to any greater extent than is necessary to enable the lessee to erect the wharf and use it for the purposes for which it was built. Neither the lessee nor any person claiming under him has any right to erect, or to authorize any other person to erect, on the leased premises, or between low water mark and the line of navigability of said river, houses for carrying on, or to carry on any business not connected with that of conducting the wharf.

2. NAVIGABLE WATERS—*Riparian Owners—Land Between Low Water and Line of Navigability—Title.*—The title to the land between low water mark and the line of navigability of the public waters of this State is in the Commonwealth, but the riparian owner has a qualified right in the same land which is property and is valuable, and of which he cannot be deprived except in accordance with established law, and, if for a public use, upon due compensation.

3. NAVIGABLE WATERS—*Riparian Owners—Consent to Buildings for Particular Purpose—Use for Other Purposes.*—The consent of a riparian owner who has let a part of his land for the purposes of erecting a wharf thereon for the lessee to erect houses between low water mark and the line of navigability, for the purpose of "barreling oysters," does not authorize the use of said houses for carrying on a mercantile business, nor does the assignment of said land to the lessee by the State for oyster planting purposes confer upon him any such right.

Appeal from a decree of the Circuit Court of Middlesex county. Decree for defendant. Complainant appeals.

*Reversed.*

The opinion states the case.

*Hathaway & Norris, J. R. Saunders* and *Scott, Buchanan & Cardwell,* for the appellant.

*Thos. G. Jones* and *Herbert I. Lewis,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

In the year 1883, S. Grinels, who was the owner of a tract of land lying in the county of Middlesex, fronting on the Rappahannock river, entered into an agreement with Georgiana Williams and Matilda S. Forbes by which he leased to them and their successors one-fourth of an acre of land, "situated on the beach of the river, together with a right of way through the lands of the said Grinels, to be used by the parties of the second part for the purposes of constructing a steamboat wharf, and to give the public an uninterrupted travel thereto and from." The wharf was built and has ever since been used by the lessees and their successors for the purposes for which it was built.

The lessor was at that time, in connection with his son, the appellant, carrying on a general merchandise business, including the buying and selling of oysters and fish, on his land near the wharf. Subsequently they erected a breakwater, running parallel with the shore, in front of the land to make a safe and convenient harbor for the craft accustomed to ply in those waters.

In the year 1897, or 1898, two houses were erected on piles in the river near the wharf, between low water mark and the line of navigability, by and with the consent of S. Grinels, for the purpose of barreling oysters and perhaps crabs. These houses are now occupied and used by George W. Daniel, the appellee, for carrying on "various lines of commercial business."

After these houses were erected S. Grinels departed this life, leaving a will by which his son, James Grinels, the appellant, became the owner of the land fronting the river where the said wharf and houses were erected.

The object of this suit, which was brought by the appellant, was to restrain the appellee from occupying and using the said houses, from erecting new buildings, and from doing any business except such as is consistent with the proper conduct of the wharf, and such business as is properly connected with carrying passengers and freight to and from the wharf; to adjudicate the appellant's rights; and to ascertain and recover the damages inflicted upon him by the alleged wrongful acts of the appellee in the occupation and use of the said houses.

· The right of the appellant to the relief sought is denied by the appellee upon two grounds. First, that the appellant has no riparian rights growing out of the ownership of the land, because his father, S. Grinels, in his lifetime had parted with all riparian rights to the land by his lease to Williams and Forbes for the erection of the wharf; and, second, if he did not part with his riparian rights when the lease was made, he and those who claim under him are estopped from asserting such rights against the appellee because of S. Grinels' conduct in consenting to and inducing the appellee and those he claims under to incur costs and great outlay in erecting the said buildings.

As to the first contention it is clear that S. Grinels, in leasing the quarter of an acre of land for the erection of the wharf, did not part with his riparian rights to any greater extent than was necessary to enable the lessees to erect the wharf and use it for the purposes for which it was built. Manifestly the lessees and those who claim under them had no right to erect themselves, or authorize any other person to erect, houses for carrying on, or to carry on, any business not connected with that of conducting the wharf. Even if the owners of the wharf did consent to the erection of the houses, which is claimed but not proven, they could confer no greater rights than they had upon the appellee and those he claims under.

The houses, as clearly appears from the evidence, and as is admitted in the appellee's answer, were erected by the permission and consent of S. Grinels. It appears from the testimony

of the appellee's own witnesses, Topping and E. Grinels, who built the houses, that they were erected for the purpose of "barreling oysters." The record does not show that the appellee had the right under the license or permission from S. Grinels to occupy or use the houses for any other purpose. Subject to that license and the lease to Williams and Forbes, S. Grinels at his death was clothed with all the riparian rights belonging to such property.

It is true, as contended by the appellee, that the title to the land between low water mark and the line of navigability is in the Commonwealth (*Taylor* v. *Commonwealth*, 102 Va. 759, 47 S. E. 875, 102 Am. St. Rep. 865, and authorities cited), but it is equally true that between low water mark and the line of navigability the riparian owner has a qualified right. "He is entitled," as was said by Mr. Justice Miller in *Yates* v. *Milwaukee*, 10 Wall. 497, 19 L. Ed. 984, "to the rights of a riparian owner whose land is bounded by a navigable stream; and among those rights are access to the navigable part of the river from the front of his lot, the right to make a landing wharf or pier for his own use or the use of the public, subject to such general rules and regulations as the legislature may see proper to impose for the protection of the public. This riparian right is property and is valuable; though it must be enjoyed in due subjection to the rights of the public, it cannot be arbitrarily or capriciously destroyed or impaired. It is a right which when once vested the owner can only be deprived of in accordance with established law, and if necessary that it be taken for the public good, upon due compensation."

This language is quoted with approval in *Taylor* v. *Com'th,* *supra,* 102 Va. at p. 771, as well as in the case of *Norfolk City* v. *Yates,* 27 Gratt. 430, 435. In the latter case it was held that the city of Norfolk, which owned land extending to low water mark, was entitled to recover in an action of unlawful entry and detainer the water lot lying between Park street and the port warden's line, both as riparian owner and as having had

long possession thereof, from an intruder or trespasser upon the land. The city as riparian owner, as was said in that case, had the same rights and privileges as an individual riparian owner.

The other contention of the appellee—that the license granted by S. Grinels was irrevocable because of S. Grinels' conduct in consenting to and inducing the appellee and those under whom he claims to incur costs and expend money in the erection of said houses—need not be considered.

While the appellant in his bill sought to have the appellee restrained from occupying and using the houses for any business except that connected with the wharf, in his reply brief he says he "is not seeking to deprive the appellee of the right to the use of the houses for the purpose of buying and selling oysters and crabs, notwithstanding the fact that that right being a mere license can be terminated at the will of the other party." Neither did the assignment of the quarter acre of land to the appellee by the State for oyster-planting purposes confer upon him the right to use said houses for carrying on a mercantile business. Code, sec. 2135-b.

Upon the whole case we are of opinion that the appellant was entitled to have the appellee restrained from occupying and using the houses for carrying on any other business than that of barreling oysters and crabs, and that the trial court erred in not so holding. Its decree dismissing the bill must, therefore, be set aside and annulled, and this court will enter an order restraining the appellee from carrying on in the said houses any business other than "barreling oysters and crabs," and will remand the cause to the trial court with directions to ascertain through one of its commissioners (if it be insisted upon) the amount of damages sustained by the appellant by the acts of the appellee in carrying on in said houses any business other than that of barreling oysters and crabs, and grant such other relief as may be proper in the premises.

*Reversed.*