**J. Harvey CROW Plaintiff–Appellant,**

v.

**CITY OF SPRINGFIELD, OHIO Defendant–Appellee.**

No. 00–3510.

United States Court of Appeals, Sixth Circuit.

July 12, 2001.

Before BATCHELDER and MOORE, Circuit Judges, and BERTELSMAN,* District Judge.

PER CURIAM.

In this appeal, J. Harvey Crow seeks reversal of the district court's decision granting summary judgment to the City of Springfield, Ohio, in an action brought under 42 U.S.C. § 1983. Crow alleged that his property was taken without due process of law when the City contracted to have his property cleaned up after finding the property to be a nuisance pursuant to local ordinance. Because we find there are no material facts in dispute, we conclude that summary judgment was properly granted and affirm.

### PROCEDURAL AND FACTUAL BACKGROUND

The facts in this matter are not in dispute. This litigation arises out of the efforts of the City of Springfield to abate what it deemed to be a nuisance on a parcel of real property owned by the plaintiff-appellant J. Harvey Crow. By order dated October 10, 1994, the City notified Crow that the Code Enforcement Manager declared Crow's property to be a public nuisance. The City ordered Crow to abate

* The Hon. William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

the nuisance within 15 days of the receipt of the letter by removing a number of items, including an accumulation of tires, from the property.[1] The letter also informed Crow that, if he failed to comply with the order, this would result in the City's abating the nuisance and assessing the costs of the abatement to Crow. In addition, the order advised Crow that any appeal was required to be filed with the Code Enforcement Manager within 10 days of the order's receipt.

Crow did not abate the nuisance, nor did he file an appeal. Instead, during the ensuing months, the parties exchanged correspondence about cleaning up Crow's property.[2] The result of this correspondence was fruitless, however.

On February 21, 1995, Mary J. Wells, the City's Manager of Code Enforcement, wrote to Crow stating that the City was in the process of securing bids to remove the junk and debris on Crow's property and requested that Crow contact her if he intended to do the work himself. Wells also reminded Crow that he would be billed for the costs incurred by the City in removing the junk and debris. Crow responded by letter dated February 27, 1995, that he was making arrangements to bring the property into compliance.

There is no evidence in the record that the parties communicated after Crow sent this last letter until late October of 1995. The district court noted that there was no indication that between February 27, 1995 and May 28, 1995 Crow did anything to clean up his property.

On October 24, 1995, Crow was served with a criminal summons, charging him with two counts of operating a salvage yard without a license on his property in Springfield.

Then, in a letter dated October 31, 1995, Wells informed Crow that the property had been recently inspected; Crow had not complied with the abatement order; and that the City intended to have the exterior and interior of the building cleaned. Wells also requested that Crow remove from his real estate, by November 13, 1995, all items of personal property he wished to keep.

Crow's attorney wrote a letter to Robin DeBell, the City's Law Director, stating that Crow was willing to cooperate, but he would not agree to be responsible for a contract executed by the City to have the property cleaned (which was in excess of $100,000). Crow's attorney further explained that Crow was attempting to have the tires removed for a lesser sum and requested that the City refrain from voting on or executing a contract for a period of 21 days. Crow's attorney wrote a second letter to DeBell stating that Crow was investigating options for removing the tires and would make every effort to have signed contracts to accomplish such by January 8, 1996.

The City did not respond to Crow's attorney's letters. Instead, on December 21, 1995, the City Commission adopted Ordinance 95–406, which authorized the City Manager to enter into a contract with Rumpke Waste Incorporated to remove and dispose of tires and shredded rubber

---

1. Crow had leased the property to State Tire Shredding & Fuel Company, which had operated a tire shredding operation on the property.

2. This correspondence included among other discussions Crow's denial of responsibility for the condition of the property; his statements that he had instructed those responsible to clean up the property; and his promises to submit a mutually agreeable plan to remedy the situation.

from Crow's property for an amount not to exceed $122,242.00 and to seek recovery of all sums expended in the effort.

Rumpke Waste proceeded to remove not only the tires and shredded rubber, which was the basis of Ordinance 95–406 and the December 29, 1995 contract, but all of the items listed in the Order of Abatement.

On January 10, 1996, Crow filed a complaint in district court pursuant to 42 U.S.C. § 1983 alleging that the passage of the ordinance caused him to suffer a deprivation of property without due process and a denial of equal protection, in violation of the Fourteenth Amendment, and a taking of property without just compensation, in violation of the Fifth Amendment.

The City filed a counterclaim seeking to recover $122,242.00, the sum it expended on its contract with Rumpke Waste.

On cross motions for summary judgment, the district court found that the City gave Crow notice of his right to appeal and that he failed to take advantage of such. Hence, the court held that the finding by the City that Crow's property constituted a nuisance was entitled to *res judicata.* The court granted summary judgment to the City and ordered Crow to pay $122,242.00 on the City's counterclaim. Crow's motion for summary judgment was denied.

## DISCUSSION

### Standard of Review

We review a grant of summary judgment *de novo. See e.g., Hammon v. DHL Airways, Inc.,* 165 F.3d 441, 447 (6th Cir. 1999). In doing so, we must view the evidence and all inferences to be drawn therefrom in a light most favorable to the

non-movant. *See e.g., Keever v. City of Middletown,* 145 F.3d 809, 811 (6th Cir.), *cert. denied,* 525 U.S. 963, 119 S.Ct. 407, 142 L.Ed.2d 330 (1998). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as matter of law." Fed.R.Civ.P. 56(c).

### Notice of Crow's right to appeal the abatement order [3]

■ Crow concedes that an administrative decision is given preclusive effect when an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate. *See e.g., Astoria Federal Savings and Loan Ass'n v. Solimino,* 501 U.S. 104, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991); *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). Further, Crow concedes that since the City's Counterclaim is based on an ordinance authorizing the City Manager to enter into a contract to abate a public nuisance and then collect on said contract, the above standard applies.

■ Crow does not contend that the administrative hearing and the nature of such hearing would not have provided him an adequate opportunity to litigate the issue of whether his property constituted a public nuisance. Instead, Crow only contends that he was not afforded a right to appeal the abatement order due to the City's failure to provide him with sufficient notice of his right of appeal.

---

**3.** Crow does not present any arguments concerning the validity of the original finding that his property was a public nuisance.

The notice of appeal provision at issue states as follows: "Appeal to this Order, if any, must be filed with the Code Enforcement Manager within ten (10) days after receipt of this Order, whereupon a hearing will be set and announced for such petitioner."

Crow contends that the use of the phrase "if any" is ambiguous and misleading. He argues that due to the lack of additional information in the notice provision concerning the appeals procedure, a property owner who reads the notice may think that he may or may not have the right to appeal the abatement order.

The district court, without comment, found that Crow was given notice and an opportunity to be heard. In its Decision of March 6, 1999, the court concluded that such a hearing would have afforded Crow the opportunity of presenting evidence and arguments and that the order would have been subjected to a *de novo* review. However, it is undisputed that Crow never took advantage of this right.

Upon review, this court concurs with the City that no case law establishes that providing "if any" in regard to Crow's right to appeal is ambiguous. Frankly, the notice is clear and to the point, and met the standard on which Crow relies of "clear and unequivocal."

■ Crow also argues, without citation of authority, that the notice did not meet the City's own standards of notice set forth in the City's ordinances. Section 1323.10(d) requires the City to advise the owner of the property of the procedures for appeal.

Crow points out that the City's own ordinances require that the procedures to file an appeal must include: (1) the name, mailing address, and telephone number of the petitioner, the petitioner's authorized representative, the owner of the property

and the occupant of the property; (2) a description of the Order which is being appealed; and (3) the grounds upon which the appeal is being made.

Crow further objects to the notice because it did not mention that the appeal must be made pursuant to a "notice of appeal" in writing as required by Chapter 1323.07 of the City's ordinances.

Thus, Crow maintains that, even if he had pursued an appeal, the appeal would not have been effective because he would have failed to follow the procedures set forth in the City's codified ordinances.

This court has rejected such a theory. In *Day v. Shalala*, 23 F.3d 1052, 1066 (6th Cir.1994), which the City cites, the Court held that "the only claimants who could have been injured by the inadequacy [of the notice] are those who detrimentally relied on the inadequate denial notice."

It is undisputed that Crow failed to take any action in regard to his right to appeal the abatement order, and he cannot now say that the notice provided inadequate instructions on how to appeal the order.

*Crow's action under 42 U.S.C. § 1983*

Crow argues that he was "effectively denied" the opportunity to have his 42 U.S.C. § 1983 claims heard in federal court and that therefore, whether he took advantage of the administrative hearing is irrelevant to the question of whether he has a right of access to the federal courts.

■ While it is true that as a general principle, parties may litigate constitutional deprivation claims in federal court regardless of whether they took advantage of a State court or State administrative procedure, *Patsy v. Board of Regents of the State of Florida*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); *see also Bannun, Inc. v. City of Louisville*, 958 F.2d 1354 (6th Cir.1992), that is not the

principle being applied in this case. Instead, the district court correctly held that the question whether Crow's property constituted a public nuisance has been fully and finally litigated by Crow's failing to avail himself of a right of appeal to a hearing which would have provided a full opportunity to litigate that question.

The finding by an administrative body that Crow's property constituted a public nuisance is an established legal fact, which was not appealed. Thus, the district court gave the finding preclusive effect as the finding was an unreviewed final decision of a State administrative body pursuant to *University of Tennessee v. Elliott*, 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986). Therefore, Crow is barred from relitigating it.

■ Moreover, there is no due process violation when the municipality abates a nuisance pursuant to notice. *See e.g., Emery v. City of Toledo*, 178 F.3d 1294, 1999 WL 196533 (6th Cir. March 22, 1999); *Conner v. City of Santa Ana*, 897 F.2d 1487 (9th Cir.1990); *Hedrick v. Pfeiffer*, 10 F.Supp.2d 1106, 1110 (D.Neb.1998). In absence of a constitutional violation, the district court properly denied Crow's motion for summary judgment for his action brought under § 1983.

*Crow's Fourth Amendment claims*

As the City correctly argues, this argument is without merit. Crow failed to bring this claim at the lower court level. Nothing in Crow's complaint, nor anywhere in the record before the district court, states or suggests that he is claiming a Fourth Amendment violation in relation to this case, and he cannot bring this up for the first time on appeal. *See e.g., Bailey v. Floyd County Bd. of Educ., by and though Towler*, 106 F.3d 135, 143 (6th Cir.1997).

Based on the foregoing, we conclude that summary judgment was properly granted by the district court in this matter. We therefore AFFIRM.