NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0190n.06

Case No. 22-3616

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Apr 24, 2023
DEBORAH S. HUNT, Clerk

CHARLES GRATER,

    Plaintiff-Appellant,

v.

DAMASCUS TOWNSHIP, OHIO TRUSTEES; BATES RECYCLING, INC.,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

Before: GIBBONS, THAPAR, and BUSH, Circuit Judges.

THAPAR, Circuit Judge. After Charles Grater committed eighteen misdemeanor zoning violations, Damascus Township declared the junk vehicles and rubbish on his property a nuisance and ordered him to clean them up. He did not. So, after providing Grater with notice and a hearing, the Township hired Bates Recycling to clean up his property for him. Grater now claims those actions and the Ohio statute that permitted them violated the Takings Clause and the Due Process Clause. The district court dismissed his complaint, and we affirm.

I.

Charles Grater operates a used-farm-equipment business in Damascus Township, Ohio. In practice, that means he stores broken-down vehicles on his property and sells them for parts.

In 2015, the Township notified Grater that he was violating a local zoning ordinance. *State v. Grater*, 2018 WL 3629165, at *1 (Ohio Ct. App. July 30, 2018). But after two years and multiple

rounds of notice, Grater still had not complied with the zoning ordinance. So the Township brought eighteen misdemeanor charges for zoning violations against Grater, and he was convicted of all eighteen. *Id.* The state court upheld the convictions on appeal. *Id.*

A few months later, the Township sent Grater a letter stating that the "refuse and other debris" on his property were a nuisance. R. 1-1, Pg. ID 20. The letter instructed Grater to clean up the "junk motor vehicles, scrap, rubbish, pallets, [and] tires" within seven days. *Id.* Otherwise, the Township would do it for him under Ohio Revised Code § 505.87, which allows townships to remove nuisances.

Grater requested and received an evidentiary hearing. At the hearing, Grater presented evidence and gave testimony, but the Township upheld the nuisance determination. Yet, instead of complying with the order to clean up his property, Grater sued the Township in state court. The trial court upheld the Township's nuisance determination, but the Ohio Court of Appeals vacated the trial court's judgment for lack of jurisdiction and dismissed Grater's case. *See Grater v. Damascus Twp. Trs.*, 2021 WL 2312773, at *8 (Ohio Ct. App. June 7, 2021). The court explained that this administrative determination was not the sort of "quasi-judicial" action it could review under Ohio law. *Id.* at *6. Nonetheless, it suggested that injunctive relief might be available. *Id.* at *8. So Grater sought an injunction, but the state trial court denied him relief.

Meanwhile, the Township followed through on its promise to remove the debris from Grater's property. At the Township's direction, Bates Recycling disposed of more than 1.5 million pounds of equipment, including tractors, steel, and over seventy vehicles. When Bates was done, the Township placed a lien of over $60,000 on Grater's property to pay for the removal.

Grater then sued the Township again—this time in federal court, challenging the Township's actions and section 505.87 under federal and state law. The district court dismissed

the federal claims and declined to exercise supplemental jurisdiction over the state-law claims. *Grater v. Damascus Twp. Trs.*, 614 F. Supp. 3d 591, 600–01 (N.D. Ohio 2022). Grater timely appealed.

II.

Section 505.87 allows local officials to remove "garbage, refuse, and other debris" from private property if it becomes a nuisance. If the local government orders such materials removed, it must give the property owner four to seven days' written notice before removing the nuisance. Ohio Rev. Code § 505.87(B)–(C). That gives the owner the opportunity to remove the nuisance himself and prevent action by the local government. *Id.* § 505.87(D)–(E).

On appeal, Grater argues that section 505.87 and the Township's actions pursuant to it are unconstitutional. We disagree. We review de novo Grater's takings, procedural-due-process, and substantive-due-process claims. *See Lipman v. Budish*, 974 F.3d 726, 740 (6th Cir. 2020).

*Takings.* The Takings Clause provides that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V. The Township's actions do not violate that Clause. As the Supreme Court has explained, "longstanding background restrictions on property rights" prevent owners from using their property to create a nuisance. *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2079 (2021). Therefore, the government may remove a nuisance under preexisting law without paying the property owner because the owner "never had a right to engage in the nuisance in the first place." *Id.* That rule dooms Grater's takings claim. Because Grater had no right to create a nuisance in the first place, the Township owes him no compensation for removing the nuisance.

In his reply brief, Grater argues that the Township cannot declare his property a nuisance just to circumvent constitutional safeguards like the Takings Clause. *See Yates v. City of*

- 3 -

*Milwaukee*, 77 U.S. (10 Wall.) 497, 505 (1870). But he forfeited this argument by failing to raise it in his opening brief. *Stewart v. IHT Ins. Agency Grp., LLC*, 990 F.3d 455, 457 (6th Cir. 2021) ("[E]ven well-developed arguments raised for the first time in a reply brief come too late."). And even if the argument were not forfeited, it is meritless. In *Yates*, a city passed an ordinance declaring the plaintiff's wharf a nuisance and ordering its removal. 77 U.S. at 505. The ordinance was "the only evidence" demonstrating the wharf was a nuisance "or in any manner injurious to the public." *Id.* In contrast, here the Township's nuisance determination was well justified. Indeed, the Township proceeded under Ohio law, and Grater was convicted of eighteen misdemeanor zoning violations for running an unlicensed junkyard and storing scrap metal. *Grater*, 2018 WL 3629165, at *10. So Grater's situation does not resemble *Yates*.

*Procedural Due Process.* Grater also claims that the statute is unconstitutional as applied and on its face under the Due Process Clause of the Fourteenth Amendment. These claims fail.

We address his as-applied challenge first. The Due Process Clause applies when a person is "deprive[d]" of property. U.S. Const. amend. XIV § 1. So we must determine when Grater lost his property: when the Township made the initial nuisance determination or when Bates removed the junk vehicles and scrap metal. The latter makes the most practical sense. After all, that is when Grater lost his cars and equipment. Our caselaw, too, has always focused on the nuisance removal, not the initial determination. *See, e.g.*, *Keene Grp., Inc. v. City of Cincinnati*, 998 F.3d 306, 311–14 (6th Cir. 2021); *Crow v. City of Springfield*, 15 F. App'x 219, 224 (6th Cir. 2001) (per curiam).

To be sure, an owner must sometimes receive process even though the government has not yet physically deprived him of property. *See Connecticut v. Doehr*, 501 U.S. 1, 12 (1991). For example, the Due Process Clause applies when the government puts a lien on real estate without

physically removing property. *Id.* That is because the property owner loses important rights as a result. Even if the owner keeps the property, the title may not be clean, his credit score may drop, and his mortgage may even go into default. *Id.* at 11. Here, Grater does not claim that the initial nuisance determination caused any such consequences. Thus, he was not deprived of property until the Township removed the nuisance.

So what process was Grater due before the nuisance removal? We have previously held that notice alone can satisfy due process before a city removes a nuisance. *See Keene Grp.*, 998 F.3d at 311–14. Here, Grater received notice that his property had become a nuisance and that he had seven days to remedy the situation. The notice also warned him that the Township would remove the nuisance if he did not do it himself and would charge him for the cleanup costs. But notice is not all Grater received. When he challenged the nuisance determination, the Township held a hearing in which Grater presented evidence and argued his case. Because that was even more process than what we held sufficient in *Keene Group*, Grater has not pled a due-process violation.[1]

Turning to his facial challenge, Grater must show "that no set of circumstances exists under which [the statute] would be valid, or that the statute lacks any plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 472 (2010) (cleaned up). This is a particularly high barrier for a plaintiff whose as-applied challenge has already failed. Indeed, once the plaintiff's as-applied challenge has failed, he is left to argue that the law is unconstitutional "based on hypothetical applications of the law to hypothetical individuals not before the court." *Connection Distrib. Co. v. Holder*, 557 F.3d 321, 335 (6th Cir. 2009) (en banc). A court will "rarely (if ever)" hold a law facially unconstitutional based on such hypotheticals. *Id.* That is because the role of a federal

---

[1] We decide only that the pre-deprivation notice and hearing here were sufficient, not that they were necessary.

court is to adjudicate particular cases or controversies, not to speculate about "imaginary" ones. *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449–51 (2008). After all, when we speculate, we are more likely to miss the mark. And in this context, missing the mark means preventing the enforcement of a democratically enacted statute. *See id.* at 451. So when the constitutional application of a statute is "cloudy," we should wait for real cases to flesh out the issues rather than decide hypotheticals. *Id.* at 450 (citation omitted).

Grater offers just such hypotheticals, speculating about how the law might be applied unconstitutionally in the future. At best, his hypotheticals make the constitutionality of section 505.87 "cloudy." *Id.* (citation omitted). So we will wait for future cases to clear the haze. Until then, Ohio's democratically enacted statute will remain in force. Because this case shows that section 505.87 can be applied constitutionally, Grater has not carried his heavy burden to show facial unconstitutionality.

Nonetheless, Grater maintains that the statute is unconstitutional because, as interpreted by the Ohio Court of Appeals, it precludes all judicial review. Two problems exist with that rationale. First, due process does not always demand judicial review when other process is available. *See Schweiker v. McClure*, 456 U.S. 188, 198–200 (1982) ("Due Process is flexible and calls for such procedural protections as the particular situation demands." (cleaned up)); *Conner v. City of Santa Ana*, 897 F.2d 1487, 1492–93 (9th Cir. 1990) (holding that due process does not require judicial review before nuisance removal). Grater argues otherwise, citing a single case which he claims requires judicial review. *See* Appellant Br. 23 (citing *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 274 F.3d 377, 403 (6th Cir. 2001)). But that case does not help him. *Deja Vu* is a First Amendment case about prior restraints on speech. Prior restraints are rules imposed on people before they speak. *Novak v. City of Parma*, 932 F.3d 421, 432 (6th Cir. 2019).

- 6 -

British and early-American authorities viewed such restraints skeptically. *Id.* at 432–33. So the First Amendment provides special protections against them, such as the requirement of judicial review. Consequently, if the government wants to impose a prior restraint, it must provide an avenue for judicial review. *Freedman v. Maryland*, 380 U.S. 51, 58–59 (1965). Applying that requirement, *Deja Vu* held that a licensing regime for adult-entertainment businesses and performers was unconstitutional because it lacked judicial review. 274 F.3d at 402–03. But that holding was tied to the First Amendment context where prior restraints pose special concerns. And those concerns are irrelevant here because section 505.87 does not govern speech at all—it just allows local governments to remove nuisances.

Second, even if judicial review were required, the Ohio Court of Appeals has not precluded all judicial review. To be sure, that court held that it could not review the initial nuisance determination. *Grater*, 2021 WL 2312773, at *6. But the court noted that injunctive relief might be available, and Grater sought that very relief. *Id.* at *8 n.4. Plus, the court did not say anything about whether subsequent liens would be reviewable. So other avenues for judicial review remain open.

Next, Grater claims that the Ohio Court of Appeals rendered the evidentiary hearing before the Township trustees a "legal nullity." Reply Br. 9. If true, that would mean that the initial nuisance determination was not reviewed or challenged at all. But, when the Ohio Court of Appeals dismissed Grater's case, it left "the parties in the same position they were in" when the Township affirmed the initial nuisance determination. *Grater*, 2021 WL 2312773, at *8. And by that point, the evidentiary hearing had already occurred. So the court did not invalidate the evidentiary hearing.

Finally, Grater argues that the district court violated *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), by rejecting the state court's interpretation of state law. It is true that the district court said it "disagree[d]" with the state court about whether Grater was entitled to a hearing. *Grater*, 614 F. Supp. 3d at 598. But the district court explicitly accepted the state court's interpretation of state law and instead reached its conclusion based on the Due Process Clause. *Id.* ("[Section] 505.87 may not require a hearing prior to the nuisance determination, but procedural due process requires an opportunity to be heard prior to abatement of a nuisance."). We need not decide whether that due-process holding was correct because, as discussed, Grater received a hearing. The important point is that the district court left the interpretation of Ohio law to the Ohio courts, as *Erie* commands.

*Substantive Due Process.* Grater also claims that the Township violated his substantive-due-process rights by declaring his property a nuisance and removing it. But substantive due process does not apply to claims that should be brought under more specific constitutional provisions. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality op.). And here Grater brought his claims under the appropriate, specific constitutional provisions: the Takings Clause and the procedural component of the Due Process Clause. Substantive due process does not provide him another bite at the apple.

*State Law.* Grater does not challenge the district court's refusal to exercise supplemental jurisdiction over his state-law claims. So we affirm the court's dismissal as to these claims.

\*     \*     \*

We affirm.