GEORGE GRAY, Attorney-General, on the Relation of CHARLES F. THOMAS *et al.,*

*vs.*

SAMUEL H. BAYNARD.

*Obstruction of streets or sidewalks; public nuisance; injunction.*

New Castle, Sept. T. 1883.

1. The City Council of Wilmington has no right to authorize the erection of a private building in such a manner as to create a public nuisance.

2. The erection of projections from the upper stories of a building, which do not interfere with the passage of the public along the streets or sidewalks, will not be enjoined by this court.

3. Courts of chancery will restrain a public nuisance if it be of such a character as to render such interposition necessary to protect the

public from serious injury, but they will not in general interpose to enforce a mere abstract legal right.

4. To warrant the issuing of an injunction to restrain an obstruction or encroachment upon a public street or highway, such obstruction or encroachment must not only be clearly illegal, but it must also be of such a character as to materially and substantially interrupt or impede the public use of the same as a street or highway.

INFORMATION TO ENJOIN THE ERECTION OF A BUILDING SO AS TO PROJECT OVER A CITY STREET.—The information is in the name of the Attorney-General, on the relation of Charles F. Thomas *et al.*, residents of the City of Wilmington, on behalf of themselves and the rest of the inhabitants of said city, setting forth that the respondent, Baynard, is engaged in erecting on his lot on the southwest corner of Fifth and Market Streets in said city, a large brick building fronting on both of said streets; that said streets are ancient highways of said city, and much used for business and other purposes; that said Baynard is erecting portions of the wall of said building so as to project over and upon the sidewalks of said streets, to the distance of about three feet beyond the building lines of said streets; that said projections are serious encroachments on said streets, and will obstruct the same, and will materially interfere with the public use of said sidewalks, and will constitute a public nuisance; and praying an injunction to restrain said erections, and also a preliminary injunction until the further order of the chancellor, and also that said projections may be decreed to be a nuisance and abated under the decree of this court.

The answer of the respondent alleges that, in consideration of his promise to remove a certain ancient area way and stone steps, which projected about four feet beyond the building line of Fifth Street, and also a telegraph pole near said steps, the City Council of Wilmington, on March 22, 1883, before the commencement of the erection of said building, passed an ordinance authorizing the respondent to erect three bulk or bay windows on the Fifth Street front of his said building, to be built up from the foundations, and not to extend more

than three feet beyond the building line, and exempting him in this respect from the provisions of the general ordinances of said city as to the erection of bulk or bay windows. The answer denies that the respondent is erecting, or intends to erect, any portion of any wall of said building so as to project over or upon the sidewalk of either of said streets; but admits that he is erecting, mainly of wood, two bulk or bay windows on said Fifth Street, and one at said corner of Fifth and Market Streets; and avers that none of said windows will project more than three feet beyond the building lines, and that said corner window will extend only about eighteen inches beyond the building lines of said streets, to the height of the first story, seventeen feet, and that it will, in the second and third stories, project about three feet beyond the building lines, and that said projections are not greater than those of many other bulk windows in said city; and denies that any projection made or intended to be made by the respondent will be a serious encroachment upon said sidewalks, or materially interfere with or obstruct the public use of the same, or that said projections will constitute a public nuisance; and claims that when said building shall be completed said sidewalks will be wider and more convenient for the public use than before the erection of said building; and denies that any portion of said building does or will unlawfully encroach upon either of said streets; and insists that if any of said projections are unlawful, there is a full and adequate remedy at law.

Numerous affidavits were filed in support of the allegations of the information and answer.

The case was heard upon a rule to show cause why a preliminary injunction should not be granted.

*George H. Bates* and *Austin Harrington* for the relators.

*William C. Spruance* for the respondent.

THE CHANCELLOR.—This is a proceeding instituted by the Attorney-General, on behalf of the People of this State resid-

ing in the City of Wilmington. It is to be regarded, and is in fact, a complaint by or on behalf of the public, that the respondent is engaged in erecting a building which will constitute a public nuisance. It is urged on behalf of the respondent that his projecting bulk or bay windows were authorized by a special ordinance of the City Council of Wilmington, and that therefore they cannot be unlawful. While it is true that the Legislature has conferred upon the city council very full powers touching the public streets of the city, it is clear that it is not competent for the city council to authorize the erection of a private building in such a manner as to create a public nuisance. Nothing short of the express authority of an Act of the Legislature would be sufficient for this purpose.

I do not deem it necessary in this case to decide whether the special ordinance authorizing the respondent to erect the windows in question was or was not within the power of the city council. The material question before me is whether the building which the respondent is erecting will be a material and substantial inconvenience or injury to the free use and enjoyment of the streets as public highways by the people of the city. If it will be, then this court has jurisdiction to restrain its erection, unless the Legislature has authorized it; and there is no suggestion that the Legislature has done so.

I assume that the main walls of the building are upon or within the building lines of the streets, as it does not appear that any brick wall has been or is to be erected beyond said lines.

It is admitted, by the answer of the respondent, that he is erecting two bulk or bay windows on Fifth Street to extend about three feet beyond the building line (and to be built, as I suppose, of that depth from the ground to the height of the building); and that he also intends to erect one bulk or bay window at the corner of Fifth and Market streets; and that this latter window will extend about eighteen inches beyond the building lines of said streets, to the height of the first story, seventeen feet; and that it will in the second and third stories extend beyond the building lines of said streets about three feet.

I shall not enter into any inquiry whether these projections in the second and third stories of the building are or are not lawful or proper. They may or may not be offenses against good taste, or may or may not interrupt the public view, but they certainly cannot interfere with the passage of the public along said streets or sidewalks; and it is only in reference to encroachments of the latter character that the intervention of this court could be properly invoked by the relators. Assuming, for the sake of the argument, that these bay windows are, as claimed by the relators, parts of the walls of the building, the question remains, Will they constitute such a public nuisance as should be restrained by injunction?

It is contended by the counsel for the relators that any encroachment upon a public street or highway, however slight, is an invasion of the rights of the public, and constitutes a public nuisance, which should be restrained by injunction.

I do not concur in this view. For a long time courts of chancery declined to assume jurisdiction of public nuisances; but it is now settled that they will interfere to restrain a public nuisance, if it be of such a character as to render such interposition necessary to protect the public from serious injury. But it is not every violation of the law in respect to buildings upon public streets, or every unlawful encroachment upon a public street or highway, that will justify the use of this extraordinary writ. Courts of equity are, or should be, very careful in the exercise of this great power, this almost arbitrary power,—for it is as nearly the exercise of arbitrary power as anything known to us under our free government. Nevertheless, in a proper case, when it is clear that the public good requires it, I will not hesitate to use this great power.

In the case of *Philadelphia's Appeal*, 78 Pa. 33, where the facts were very similar to those in this case, that very able jurist, *Justice* Sharswood, delivered the opinion of the court, and laid down the rules which in my judgment should govern courts of chancery in the exercise of this power in respect to public nuisances. " Chancery," he says, " never puts forth this strong arm, unless in a clear case of the invasion of a pri-

vate or public right.. . . . Courts of equity are not instituted in general to enforce abstract legal rights. There must be substantial, irreparable injury attempted. The encroachment on a public highway, to be remedied by this process, must be really an obstruction to the free use of it. Now, it is very clear that, admitting that the defendants were bound to fall back with their new front to the new line, the columns, cor- nices and ornaments they have added to their new front are no real obstruction to the highway, though it may be that technically they are so. Every case of this kind must depend upon its peculiar circumstances, and will form no precedent for any other case varying from it in those circumstances, or the character and extent of the encroachment."

From the evidence before me, I am satisfied that the brick wall of the building does not extend over the building lines, but that the bay windows do, to the extent stated in the answer; but I am not satisfied that they will be substantial or material obstructions or impediments to the free use and enjoyment of the streets by the public. I cannot assume that these projections will be substantial impediments to the free use of the streets simply because they are beyond the building lines. The affidavits on behalf of the respondent all deny that they will materially interfere with the public use of the streets, and state that projections of similar character are very numerous in different parts of the city. While it is true that one wrong cannot justify another, and that the existence of many similar encroachments could not justify this, if it be illegal—yet the fact that like projections are common in the city may well cause the court to hesitate before putting forth this "strong arm" of the law. Upon the public roads in the country it is very usual to see fences set beyond the true line, and in such manner as would perhaps sustain an indictment,. although not seriously interfering with the public travel; but in such cases the interposition of the court of chancery would not be warranted by precedent or by public necessity. To warrant the issuing of an injunction to restrain an obstruction or encroachment upon a public street or highway, such.

obstruction or encroachment must not only be clearly illegal, but must also be of such a character as to materially and substantially interrupt or impede the public use of the same as a street or highway.

The sidewalks of the city are for the free passage of the people, but I do not propose in this case to define the limits within which this right may be exercised or enforced. If the Attorney-General is of the opinion that it is the right of the public to use as a passageway every inch of the space between the curb and the building lines, and that every projection or extension, however slight, beyond the building lines is a public nuisance, his proper remedy is by indictment. In a clear case of substantial and material encroachment upon a public street or highway, of such a character as to seriously interfere with its use, I would consider it my duty to act without the aid of a jury; but where the encroachment, although illegal, is not of that character, the proper tribunal is a court of law, which has full power, not only to punish the offender, but to abate the nuisance.

It is ordered that the rule be discharged, and that the relators pay the costs.