ALFRED W. FINCH and MARY A. FINCH,

*vs.*

BARR AND DOUGHERTY, INCORPORATED, a corporation existing, under the laws of the State of Delaware.

*New Castle, Apr.* 21, 1926.

*Julian C. Walker*, for complainants.

*Robert H. Richards*, for defendant.

THE CHANCELLOR. The alleged nuisance has never been established by a trial before a jury at law. Whether the fact of a private nuisance ought first to be established at law, need not be determined in this cause. For the present purpose the assumption most favorable to the complainants will be adopted, viz., that this court has power to enjoin a private nuisance without a prior finding by a law court of the fact of its existence. Yet on this assumption, the bill ought to be dismissed.

This is for the reason that even though the Court of Chancery assumes power to itself try and determine the question of the existence of a nuisance in a suit for an injunction against its continuance, it will nevertheless refuse to order the writ unless the case is a clear one. It was so determined in *Gray, Atty. Gen., v. Baynard*, 5 *Del. Ch.* 499, which was a case of a public nuisance. The Chancellor said that if the encroachment on the highway was clearly a substantial and material one, he would feel it his duty to act without the aid of a jury; but where it was not of that character, although it was illegal, the proper tribunal was a court of law.

Upon this same point of the necessity of making out a clear showing of the fact of the nuisance before an injunction will issue, the case of *Harlan & Hollingsworth Co. v. Paschall*, 5 *Del. Ch.* 435, is instructive. The following language appears in the opinion filed in that case:

"But in all cases of this sort—that is, upon the application of private parties—courts of equity will grant an injunction to restrain a public nuisance only in cases where the fact is clearly made out upon determinate and satisfactory evidence; for if the evidence be conflicting and the injury to the public doubtful, or if the private injury be such that there is an adequate remedy at law, these will constitute grounds for withholding the extraordinary interposition."

In the case of *Wolcott, Atty. Gen., v. Doremus, et al.*, 11 *Del Ch.* 277, 101 *A.* 868, the Chancellor made the following observations:

"To give the Court of Chancery jurisdiction to enjoin a public nuisance, the evidence must be clear and convincing. If the evidence is conflicting and the injury to the public is doubtful, the Chancellor should not act. * * *

"In case of serious doubt arising from conflicting testimony, the court should leave the matter to be settled by another tribunal, where the fact of the injury to the public rights could be ascertained by a jury."

The foregoing excerpts are from cases where the nuisance was a public one. The bill in this case is filed by individuals to secure relief against what as to them is a private nuisance. Upon the question, however, of the clearness of proof necessary as a prerequisite to the issuance of an injunction, there never having been a trial of the fact of a nuisance at law, I can see no rational ground of distinction based upon the public or private nature of the nuisance. Some courts are said to draw a distinction between the two types of cases in the matter of a necessity for a prior trial at law before equity will take cognizance of the matter. *Simon v. Pyrites Co.*, 32 *Del.* (2 *W. W. Har.*)581, 128 *A.* 370. But the assumption made at the outset of this opinion in favor of the complainants' right to have the issue of fact entertained in this court places the case, though one of a private nuisance, on the same footing as to degree and clearness of proof as is indicated in the cited cases which deal with public nuisances.

In *Sellers v. Parvis & Williams Co.*, (*C. C.*) 30 *F.* 164, Judge Wales of this district applied the same rule to the case of a private nuisance. He said:

"But, to justify the court in the exercise of this extraordinary power [injunction], a strong *prima facie* case of right must be shown. The right must be clear, and its violation palpable. A mere diminution of the value of property by the nuisance, without irreparable mischief, will not be sufficient; and if the evidence be conflicting and the injury doubtful, the court will not interpose in this summary way."

It is now in order to comment on the evidence with the view of seeing whether the proof of the fact of the nuisance is made out with sufficient clearness. Detailed comment will serve no useful purpose. The evidence produced by the defendant clearly shows that the alleged business of handling meat, flesh, offal and waste of dead animals in a decayed and putrid state is not now and never has been carried on at the defendant's plant. The only justification for this allegation in the bill is the circumstance that on one occasion a farmer without the knowledge or consent of the defendant left the carcasses of two dead hogs at the plant one morning before work had started up. The defendant had the carcasses hauled away. Any odors that emanate from the plant are due solely to the presence of salted hides or a small quantity of green hides which are promptly salted, and to the melting of tallows of various shades so as to blend them into a uniform color. That such ordors do in fact extend appreciably beyond the plant, or if they do that they do so in such degree or are of such nature as to be offensive to persons of ordinary sensitiveness is disputed by the defendant. The evidence upon this point is so conflicting and is in such volume against the complainants that the case against the defendant is not only not clear but on the contrary is extremely doubtful. I decline to determine it one way, or the other. It is such evidence as ought to go before a jury for appraisement. There is no showing in the evidence of such irreparable injury as to warrant the immediate interposition of this court. The complainants waited nearly six years after the alleged nuisance commenced before filing their bill. While I do not say that this delay constitutes laches, yet it indicates that the alleged injury is not so irreparable as to call for an injunction pending a legal trial. Besides, the bill is now on final hearing and a permanent injunction not one pendente lite, is what is sought.

The bill will be dismissed with costs on the complainants without prejudice upon the fact of whether or not a nuisance exists. Upon that question all that is decided is that the evidence is not sufficiently clear and determinate to warrant the issuance of the extraordinary writ of injunction in the absence of a finding of the fact by a jury.

Decree in accordance with the foregoing.