WILLIAM B. MILLER,

*vs.*

THE TOWN OF SEAFORD, a municipal corporation of the State of Delaware.

*Sussex, July 26, 1937.*

*James M. Tunnell, Jr.,* of the firm of Tunnell & Tunnell, for complainant.

*Ralph S. Baker* and *Robert G. Houston,* for defendant.

THE CHANCELLOR: Pine Street was laid out at fifty feet wide and dedicated to the public use as a street in the year 1854, when Seaford was an unincorporated village. The complainant's residence was erected about the year 1869. The steps in question have protruded into the street ever since the building was erected. From the photograph in evidence, they extend over the sidewalk to nearly one-half the width thereof. The town authorities have received numerous complaints concerning the obstruction to pedestrians which the steps constitute. The town council, on its own view and determination, has formally declared the obstruction to be a nuisance and has required of the complainant that he remove it. The complainant declining to do so, the defendant, the bill alleges, intends to cause the steps to be removed by summary action on its own part. This, the bill insists, the defendant has no right to do, and an injunction against the proposed summary removal is sought.

In the amended act creating the town of Seaford as a municipal corporation (29 *Del. Laws, c.* 153) is to be found a rather extensive grant of powers over the streets of the town. Section 16 vests in the council "the superintendence and oversight of all the roads and streets" of the town. Section 19 authorizes the council

"* * * to ascertain and establish the boundaries of all streets, avenues, highways, lanes and alleys in said town, and prevent and remove all encroachments on said streets, avenues, highways, lanes

or alleys * * * and to prevent and remove obstructions and incumbrances in and upon all streets, avenues, highways, lanes and alleys, parks, sidewalks, * * * and, * * * to prevent or regulate the erection of any porch, step, platform or bay window, cellar door, gate, aerie, descent into cellar or basement, sign or any post or erection, or any projection or otherwise, in, over or upon any street, sidewalk, lane, alley, or avenue, and to remove the same where already erected at the expense of the owner or occupant of the premises."

This purports to grant ample authority for the council to remove the steps in question if they are an obstruction or encroachment upon the sidewalk.

The complainant, however, objects to the exercise of this authority and contends that the council must first resort to judicial proceedings and a hearing on the merits of the alleged fact of a nuisance. In support of this contention, he cites *Teass v. St. Albans,* 38 *W. Va.* 1, 17 *S. E.* 400, 19 *L. R. A.* 802; *Yates v. Milwaukee,* 10 *Wall.* 497, 19 *L. Ed.* 984; *Dillon on Municipal Corporations,* (5th Ed.) vol. 3, p. 1792; *State (Avis, Prosecutor) v. Mayor, etc., of Vineland,* 56 *N. J. Law,* 474, 28 *A.* 1039, 23 *L. R. A.* 685.

In the case of *Teass v. St. Albans, supra,* the question was as to the actual location of the street, so that it was necessary for the boundary to be ascertained before it could be said that the house was an obstruction or encroachment upon the street. This distinguishes that case from the instant one, because here there is no dispute whatever as to the location and boundaries of Pine Street, in Seaford. The bill itself concedes that the front of the building "sits on what is approximately the west edge of Pine Street."

*Yates v. Milwaukee, supra,* is also distinguishable. That case involved the riparian rights of an owner of land on a navigable stream, including the right to build a wharf for access to the navigable part of the stream. These rights were held to be valuable property rights which could

be taken for the public good only when due compensation is made. Further, the case held that a statute conferring on the city the power to remove obstructions and nuisances does not authorize it to declare by special ordinance a private wharf to be an obstruction to navigation and a nuisance and to order its removal, when in point of fact it was no obstruction. The difference between that case and this one consists in the nature of the right involved in that case and the fact that the wharf was actually no obstruction or nuisance.

The citation from Dillon is to the effect that there can be no exercise by the municipality of its summary authority to abate a nuisance unless the right is clear, and that it cannot be used to determine the right of private property. *State (Avis, Prosecutor) v. Mayor, etc., of Vineland, supra,* holds that such power is a police power, and does not extend to cases of a doubtful or uncertain nature, in which it is required first that the fact of the nuisance be lawfully determined; and that the power is designed to relieve the public from such obstructions as are apparent or readily ascertainable.

From the foregoing it would appear that such a power as that in question may be exercised only where there is a clear case of an obstruction or encroachment upon the street. There is no doubt in the instant case as to what are the boundaries of the street, nor is there any doubt that the steps in question do encroach upon the street. Any such encroachment is not only a purpresture (*Town of Seaford v. Eastern Shore Public Service Co., ante p.* 1), 191 *A.* 892, 898; *Hibbard, et al., v. City of Chicago,* 173 *Ill.* 91, 50 *N. E.* 256, 40 *L. R. A.* 621) it is also a nuisance. *Joyce, Laws of Nuisances, Chap.* 12, § 214, 233; *Hibbard, et al., v. Chicago, supra; Hyde v. County of Middlesex,* 2 *Gray (Mass.)* 267; *Commonwealth v. Blaisdell,* 107 *Mass.* 234; *First Nat'l. Bank v. Tyson,* 133 *Ala.* 459, 32 *So.* 144, 59

*L. R. A.* 399, 91 *Am. St. Rep.* 46.  In the last mentioned case (133 *Ala.* 459, 32 *So.* 144, at page 148, 59 *L. R. A.* 399, 91 *Am. St. Rep.* 46) the court said that

"*   *   * it may be stated broadly, since it seems to be everywhere settled in this country, that a building or other structure of like nature, erected on a street—which includes its sidewalks—without the sanction of the legislature, is a nuisance;  *   *   * that public highways belong  *   *   * to the public, and  *   *   * there can be no rightful permanent use of the way for private purposes."

In *Gray, Atty. Gen., v. Baynard,* 5 *Del. Ch.* 499, the Chancellor refused to issue an injunction at the suit of the Attorney General against an encroachment of bulk windows upon the sidewalk of a public street in the city of Wilmington.  He based his refusal on a finding that the encroachment was too small to constitute any serious injury to the public.  That case is of no value as a precedent for the complainant in this one, for in the first place the court here is not being asked to exercise the injunctive process to abate an alleged nuisance.  It is being asked to interfere with the manner in which municipal officers conceive it their duty to act.  In the second place, I do not see how it can be seriously considered that a set of steps, such as the photograph in evidence shows these to be, which protrudes over nearly one-half the space available for pedestrian traffic, can be other than a serious injury to the convenience of the public.  As a matter of fact pedestrians have stumbled over them, and complaints have been made by persons incommoded by their presence.

There remains only to consider the question of whether the town's right of removal is barred by the long continued user of that portion of the sidewalk covered by the steps, by the complainant and his predecessors in title—a user extending over a period of about sixty-eight years. The town in a matter of this kind is entitled to all the rights and immunities which appertain to the State, a branch of whose sovereignty over public highways has been

duly bestowed by the State upon it. The complainant cites *Tubbs v. Lynch*, 4 *Har.* 521, as authority for the proposition that a right may be obtained against the State by prescription. That case held that title by adverse possession might be acquired against the State with respect to vacant lands. But the case was based on the provisions of a statute which is in no wise applicable here. In *Wall's Lessee v. McGee*, 4 *Har.* 108, it was said that as a general principle, acts of limitation will not run against a State, though there are cases where from length of possession the presumption of a grant may arise.

The question here is not one, however, that involves title to land which the complainant is asserting against the State or its subordinate agency, the town. This question has to do with the right of an individual to deprive the public of its unobstructed right to the use of a well defined street for purposes of travel. Where that is the nature of the case, it was held in *Teass v. St. Albans*, 38 *W. Va.* 1, 17 *S. E.* 400, 19 *L. R. A.* 802, cited by the complainant, that the town, as the representative of the public, was barred by the statute of limitations as fully as an individual would be in the assertion of a private right. This ruling, however, was disapproved and expressly overruled by the later case of *Ralston v. Town of Weston*, 46 *W. Va.* 544, 33 *S. E.* 326, 329, 76 *Am. St. Rep.* 834. There was a statute in West Virginia which provided that "every statute of limitations, unless otherwise expressly provided, shall apply to the State." The court held, however, that the statute was applicable to the State and its political subdivision, a town, only in the same class of cases that it was applicable to individuals, such as cases that involve for instance the entry upon, or recovery of, lands held for sale, suits on bonds, contracts, evidences of debt, or for *torts*. By this I understand the court to mean such controversies as involve the State in the assertion of what I may call proprietary rights in behalf of the State, rights of a type that individuals are

competent and qualified under the law to assert as the subjects of individual ownership and enjoyment. Rights which pertain to the people in their sovereign capacity and which are not of a nature to be the subject of individual control and enjoyment, such as the right of taxation, the right of eminent domain and the right to use the public highways, are held by the Supreme Court of West Virginia in the last cited case never to have been intended to be embraced in a statute which subjects the State to the provisions of a general statute of limitations. The court, overruling the earlier cases of *City of Wheeling v. Campbell,* 12 *W. Va.* 36, and *Teass v. St. Albans, supra,* held that the right of the people in their sovereign capacity to enjoy a public easement was a right which the State or a municipality, as an arm of the State, could not be barred by lapse of time from asserting. The court held that interference by an individual with the enjoyment of the easement which the public has over the streets and highways, is a public nuisance and subject to abatement at any time. "A nuisance," said the court, "can never oust a public easement, no more than an individual can take away the sovereignty of the people. * * * Once a nuisance, always a nuisance; once a highway, always a highway, until legally discontinued, changed, or altered." This language is the more forceful in its application to Delaware, where no such statute exists as in West Virginia that tends on its face to militate against it.

No right of prescription or adverse possession can be acquired to maintain a nuisance in a street or highway. *Joyce on Nuisances,* (1906) § 52; 3 *McQuillan on Municipal Corporations,* (1912) § 1158. The case of *Varick v. Mayor, etc., of New York,* 4 *Johns. Ch.* (*N. Y.*) 53, is not at variance with this principle, for in that case whether the occupied area was in fact a part of the alleged street was a controverted question; and the court said that the land owner

should not be forcibly deprived of his continued possession of twenty-five years under a pretense by the city that his buildings encroached upon a street. It was the duty of the city to acquire possession of the land in dispute, not by forcible entry, but by the regular process of law, before it could be permitted to use it as a street. In the instant case, the street as it now exists was laid out before the complainant or his predecessors in title erected the building, and the steps have ever since their construction very plainly extended over the clearly defined line of the street, and protruded over the sidewalk for nearly one-half its width.

The rule for preliminary injunction will be denied.