**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SELENA E. MOLINA
MASTER IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Final Report: August 10, 2022
Draft Report: July 29, 2022
Date Submitted:  April 29, 2022

Ronald Shaw
39 Colby Avenue
Claymont, DE 19703

Mary A. Jacobson, Esquire
New Castle County Office of Law
87 Reads Way
New Castle, DE 19720

Re:     *Ronald Shaw v. New Castle County,*
        C.A. No. 2020-0559-SEM

Dear Counsel & Parties:

Pending before me is a motion to dismiss an action seeking to quiet title due to adverse possession.  The moving party makes three arguments: (1) that the owner cannot be dispossessed through adverse possession because it is a political subdivision of the State; (2) the petitioner failed to state a reasonably conceivable claim for adverse possession; or (3) the claim is barred by laches.  As explained herein, I find the first and third arguments unavailing.  But I agree with the second and recommend that the motion be granted and this action dismissed.  This is my final report.[1]

---

[1] This report makes the same substantive findings and recommendations as my July 29, 2022 draft report to which no exceptions were filed.  *See* Docket Item ("D.I.") 44.

## I.    BACKGROUND[2]

Petitioner Ronald Shaw ("Shaw") seeks title to a parcel of land located at 31 Colby Avenue (the "Property").[3] The Property is adjacent to Shaw's home and hosts a basketball court and other unimproved green space.[4] Shaw avers he has been "maintaining this property for quite some time" by "cutting grass[,] trimming trees[,] removing trash[, and] repairing [a] damaged fence from [f]allen trees[.]"[5] But he has never been the record owner.

Until recently, the Property was owned by Knollwood Development Corporation ("Knollwood") who purchased it on October 26, 1967.[6] But Knollwood failed to keep current with its property taxes and New Castle County (the "County") filed a writ of monition against Knollwood on February 13, 2020 (the "Writ").[7] Neither Knollwood nor any other interested party came forward to satisfy the outstanding taxes and the Property went to sheriff's sale on October 13, 2020.[8] The

---

[2] Unless otherwise noted, the facts recited herein are taken from the amended petition. D.I. 28. The amended petition has no page or paragraph destinations. For ease of reference, citation to the amended petition shall be by page number with the page containing the caption designated as page "1" and the exhibits to the amended petition as page "2," etc.

[3] D.I. 28 at 2-4.

[4] *Id.* at 4. D.I. 39 Ex. D 1-4. Shaw avers that he owns his home adjacent to the Property but the County provided a deed showing Shaw sold it Stacy Lynch in 2009. D.I. 39 Ex. B.

[5] D.I. 1 at 2. (citations omitted).

[6] D.I. 39 Ex. E.

[7] D.I. 39 Ex. F.

[8] D.I. 39 Ex. H, I.

County was the highest bidder.[9] After the statutory redemption period required by 9 *Del. C.* § 8729, the Superior Court confirmed the sale on March 17, 2021, and a sheriff's deed was recorded on July 8, 2021.[10]

This change in ownership overlapped with Shaw's action. The Writ came first—on February 13, 2020.[11] Shaw filed his petition against Knollwood more than four (4) months later, on July 9, 2020.[12] Then in September 2020 notice of the sheriff's sale was posted on the Property.[13] Also in September 2020 was Shaw's first failed attempt to serve Knollwood.[14] From September 2020 through June 2021, the docket of this action remained dormant; it appears no further steps were taken by Shaw to move this matter forward. Meanwhile, the Property was sold and that sale confirmed by the Superior Court.[15]

Coincidentally, on the same day the sale was confirmed, Shaw's next filing in this action was received.[16] It was a letter addressing his difficulties in serving Knollwood.[17] Therein he also noted that he saw "paperwork stapled to the trees and

---

[9] D.I. 39 Ex. J.
[10] D.I. 39 Ex. J, K.
[11] D.I. 39 Ex. F.
[12] D.I. 1.
[13] D.I. 39 Ex. G.
[14] D.I. 8.
[15] D.I. 39 Ex. J, K.
[16] D.I. 10-11.
[17] D.I. 10.

telephone poles from New Castle County", presumably referencing the notice of the monition action and sheriff's sale.[18] In response to Shaw's letter, alias summonses were issued and Knollwood was eventually served through the Secretary of State.[19] To date, though, Knollwood has not appeared in this action through Delaware counsel.[20]

But Shaw did not act on Knollwood's failure and this case sat dormant. Upon my review of the file, I learned of the change of ownership. Thus, on December 14, 2021, I wrote a letter to Shaw, attaching public records showing the County as the owner of the Property and directing him to amend his petition to name the County as respondent, should he wish to continue with his claims, within thirty (30) days.[21] Shaw filed his amended petition (the "Amended Petition") on January 25, 2022—ten (10) days after the deadline.[22]

The County was served with the Amended Petition on February 9, 2022, and the parties stipulated to extend the deadline for the County to respond until March

---

[18] *Id.*
[19] D.I. 22 at 1.
[20] On August 30, 2021, Knollwood attempted to file a response to the petition. D.I. 23 at 1. But, on September 10, 2021, the Register in Chancery informed Knollwood that it could not appear *pro se* and returned its documents. *Id.*
[21] D.I. 26.
[22] D.I. 28 at 1.

30, 2022.[23]  On March 30, 2022, the County timely responded to the Amended

Petition, moving to dismiss it in full for failure to state a claim (the "Motion").[24]

In his response to the Motion, Shaw attempted to add additional facts to the

Amended Petition.  He represents that he had an "underground electric hot tub[,]

deck[,] and swimming pool"[25] in his backyard and that his "fence and swimming

pool [were] more [than] 20 years old."[26]  Shaw also added that he is not concerned

---

[23] D.I. 34-35.  I granted the stipulation on February 11, 2022. D.I. 36. During the extension, the County also agreed not to remove Shaw's personal items from the Property. *See* D.I. 35 (reflecting an agreement that "[t]he County shall not remove the personal items that are located on the Property as provided in the January 20, 2022 written notice until such time the County provides twenty (20) days written notice to Petitioner, such notice shall not be provided prior to March 30, 2022").

[24] D.I. 39.  The County attached the following documents to the Motion: (a) publicly-available parcel information for Shaw's home, (b) a 2009 deed to Shaw's home, (c)-(d) parcel maps and information for the Property, (e) Knollwood's deed to the Property, (f)-(j) the Writ filed in Superior Court and other docket items from that action, and (k) the County's deed to the property. D.I. 39 Ex. A-K. I find I can take judicial notice of these documents as integral to the Amended Petition and public records not subject to reasonable dispute. *See Fortis Advisors LLC v. Allergan W.C. Holdings, Inc.*, 2019 WL 5588876, at *3 (Del. Ch. Oct. 30, 2019) ("On a motion to dismiss, the Court may consider documents that are integral to the complaint, but documents outside the pleadings may be considered only in particular instances and for carefully limited purposes. Whether a document is integral to a claim and incorporated into a complaint is largely a facts-and-circumstances inquiry. Generally, a document is integral to the claim if it is the source for the . . . facts as pled in the complaint.") (citations and quotation marks omitted); *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 363845, at *10 n.58 (Del. Ch. Jan. 27, 2010) *aff'd*, 7 A.3d 485 (Del. 2010) (taking judicial notice of mortgage satisfactions filed with the Recorder of Deeds) (citing *Jianniney v. State*, 962 A.2d 229, 232 (Del. 2008) ("A court may take judicial notice of facts that are 'not subject to reasonable dispute [because they are] either (1) generally known ... or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'")).

[25] D.I. 42 ¶ 4.

[26] *Id.*

with the "walkways and Basketball Court" on the Property, but only the "12ft 9 in…

that['s] been fenced on [the] 39 Colby side."[27]   Shaw further asserted the County

was aware of his possession of the Property because it cited him for his hot tub.[28]

On April 29, 2022, the County filed its reply, at which time I took the Motion

under advisement.  I then issued my draft report on July 29, 2022, and, to date, no

exceptions have been filed.[29]

## II.    ANALYSIS

The County moves under Court of Chancery Rule 12(b)(6), arguing county-

owned property cannot be taken through an adverse possession claim, Shaw failed

to plead a reasonably conceivable claim of adverse possession, or his claim is barred

by laches.[30]  The standards governing a motion to dismiss for failure to state a claim

are settled:

> (i) all well-pleaded factual allegations are accepted as true; (ii) even
> vague allegations are "well-pleaded" if they give the opposing party
> notice of the claim; (iii) the Court must draw all reasonable inferences
> in favor of the non-moving party; and ([iv]) dismissal is inappropriate

---

[27] *Id.* ¶ 3.

[28] *Id.* ¶ 7.

[29] Under Court of Chancery Rule 144(d)(1), any party seeking to challenge the draft report was required to file a notice of exceptions within eleven (11) days—by August 9, 2022. Ct. Ch. R. 144(d)(1).

[30] D.I. 39 at 7-13.

unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof.[31]

"I need not, however, 'accept conclusory allegations unsupported by specific facts or . . . draw unreasonable inferences in favor of the non-moving party.'"[32]

Although "[t]he Court will view pleadings filed by *pro se* litigants with forgiving eyes… proceeding *pro se* will not relieve Plaintiffs of their obligation to 'allege sufficient facts to state a plausible claim for relief' or 'to present and support cogent arguments warranting the relief sought.'"[33] Further, "[t]here is no different set of rules for *pro se* plaintiffs,"[34] and my leniency cannot go so far as to affect the parties' substantive rights.[35] Like any petitioner, Shaw was required to plead his claim in the Amended Petition; if he wished to amend again to add or clarify his factual allegations he needed to comply with the Court of Chancery Rules, which do

---

[31] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002) (quotation marks and citations omitted).

[32] *In re Straight Path Commc'ns Inc. Consol. S'holder Litig.*, 2018 WL 3120804, at *9 (Del. Ch. June 25, 2018), *aff'd sub nom. IDT Corp. v. JDS1, LLC*, 206 A.3d 260 (Del. 2019).

[33] *Hall v. Coupe*, 2016 WL 3094406, at *2 (Del. Ch. May 25, 2016) (internal citations omitted).

[34] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001).

[35] *Chance v. Kraft Heinz Foods Co.*, 2018 WL 6655670, at *8 (Del. Super. Dec. 17, 2018) (citing *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Aug. 15, 2011)).

not permit amendment by brief.[36] Thus, as I address the County's three arguments in turn, I do not consider the new factual allegations in Shaw's briefing.[37]

First, the County argues that it is the current owner of the Property, and Shaw is barred from asserting an adverse possession claim against the County because it is a political subdivision of the State. The County is correct on the premise— "as a general principal, acts of limitation will not run against the State; nor can there be adverse possession, strictly speaking, against the State such as can be against an individual."[38] But application of this general rule to Shaw's claim is not so straightforward.

Shaw filed his claim before the County purchased the Property. He did so asserting that he adversely possessed the Property while it was owned by Knollwood. In other words, Shaw avers that he acquired his interest in the Property

---

[36] *See Lidya Holdings Inc. v. Eksin*, 2022 WL 274679, at *1 n. 3 (Del. Ch. Jan. 31, 2022) (declining to consider new facts that *pro se* petitioner alleged because he chose to respond to the motion to dismiss instead of amending his claims under Court of Chancery Rule 15(aaa)); *Standard Gen. L.P. v. Charney*, 2017 WL 6498063, at *25 (Del. Ch. Dec. 19, 2017), *aff'd*, 195 A.3d 16 (Del. 2018) ("[I]t is impermissible to attempt to amend one's pleading through a brief.").

[37] I note, however, that the new allegations, if considered, would not change my recommendation. Although Shaw adds that his family has owned their home, adjacent to the Property, for over twenty (20) years, he fails to allege the same about his possession and use of the Property. Further, factual allegations in support of adverse, hostile, and exclusive possession are missing.

[38] *Kempner v. Aetna Hose, Hook & Ladder Co.*, 394 A.2d 238, 240 (Del. Ch. 1978) (citation omitted).

before the County purchased it. This unique background distinguishes Shaw's claim from claims alleged to have accrued while land was publicly owned.[39] Thus, I find it is reasonably conceivable that this public policy bar would not apply to Shaw's claim.[40]

But Shaw has, nonetheless, failed to plead a reasonably conceivable claim for adverse possession. To plead a *prima facie* claim of adverse possession, Shaw must allege facts demonstrating that his possession of the Property was (1) open and notorious, (2) hostile and adverse, (3) exclusive, (4) actual, and (5) for at least twenty (20) years.[41] If any element is unsupported, the claim should be dismissed.

Shaw avers that he performed various activities on the Property such as "cutting grass[,] trimming trees[,] removing trash[, and] repairing [his] damaged fence from [f]allen trees" for "quite some time."[42] Even with forgiving eyes and viewing the Amended Petition in a light most favorable to Shaw, Shaw has failed to adequately plead actual possession of the Property for more than twenty (20) years.

---

[39] *See, e.g.*, *Miller v. Town of Seaford*, 194 A. 37, 40 (1937) (finding that an individual may not deprive the public of its unobstructed right to the use of a well-defined street for purposes of travel).

[40] The County highlights that the Amended Petition was filed fifteen (15) months after the County purchased the Property. D.I. 39. But the Amended Petition likely relates back to the original petition, which was filed before the sale of the Property, and the gist of Shaw's claim is that he acquired his interest while Knollwood was the owner and before the sheriff's sale. *See* Ct. Ch. R. 15(c), D.I. 1, D.I. 28.

[41] *Tumulty v. Schreppler*, 132 A.3d 4, 24 (Del. Ch. 2015).

[42] D.I. 28 at 4 (citations omitted).

This alone is sufficient to grant the Motion, although other elements are also lacking.[43]  Shaw has failed to plead a reasonably conceivable claim of adverse possession and, therefore, his claim should be dismissed.

The County's final argument is that Shaw's claim is barred by laches.  This argument was raised for the first time in the County's reply brief and, as such, was waived and will not be addressed on its merits.[44]

## III.    CONCLUSION

For the above reasons, I find the Motion should be granted.  Although I find Shaw could theoretically proceed with a claim to the Property, he failed to plead a reasonably conceivable claim of adverse possession.  Thus, the Amended Petition should be dismissed.  This is my final report, and exceptions may be filed under Court of Chancery Rule 144.

Respectfully submitted,

*/s/ Selena E. Molina*

Master in Chancery

---

[43] For example, the Amended Petition is devoid of any factual allegations supporting adverse, hostile, or exclusive possession.

[44] *See Thor Merritt Square, LLC v. Bayview Malls LLC*, 2010 WL 972776, at \*5 (Del. Ch. Mar. 5, 2010) ("The failure to raise a legal issue in an opening brief generally constitutes a waiver of the ability to raise that issue in connection with a matter under submission to the court.") (citation omitted).