WOOD ET AL. v. C., R. I. & P. R. Co.

1. **Riparian Rights:** NAVIGABLE RIVER DECLARED NON-NAVIGABLE: EFFECT ON BOUNDARIES. The owner of land bordering upon a navigable river owns only to high water mark, and an act of Congress declaring the river non-navigable does not have the effect to extend his fee to the center of the stream, nor to entitle him to maintain an action to recover possession of the land lying below high water mark from a railway company, which began to occupy the same with its road-bed while the river was yet, in contemplation of law, navigable.

*Appeal from Wapello District Court.*

THURSDAY, MARCH 22.

ACTION to recover possession of certain land in the city of Ottumwa. The land in question is a part of the bed of the Des Moines River, between high and low water mark, on the north side. The defendant, and those under whom it claims, have maintained and operated a railroad across the land since 1859. When the land was first thus occupied, the Des Moines River was, in contemplation of law, a navigable stream,

and remained so until 1865, when by act of Congress it was declared non-navigable. The plaintiffs are the owners of the land lying north of the river at the place in question, and extending to the river. There was a trial to a jury, and verdict and judgment were rendered for the defendant. The plaintiffs appeal.

*J. W. Dixon* and *H. B. Hendershott*, for appellants.

*Stiles & Lathrop*, for appellee.

ADAMS, J.—The road was constructed by the Keokuk, Fort Des Moines & Minnesota Railway Company. The defendant claims under it. The river being a navigable stream at the time that company entered upon the land and constructed its road, its occupation was rightful, so far as the riparian proprietors were concerned, and remained so, at least, until the stream was declared non-navigable. So far we think that there is no reasonable ground for controversy. *Tomlin v. Railroad Company*, 32 Iowa, 106. During that time, at least, the riparian proprietors owned the fee only to high water mark. The plaintiffs, then, cannot complain, unless the act of Congress had the effect to extend their rights. The plaintiffs contend that it did have such effect by giving them the fee to the middle of the stream. The court held otherwise, giving an instruction in these words: "It is claimed by the plaintiffs that since said conveyances were executed (being those under which they claim), the said river has been, by act of Congress, declared non-navigable, and that the plaintiffs, by reason of their ownership upon the bank of that stream since said act was passed, own to the center of the stream. But upon this point the court instructs you that the said act of Congress, declaring the said river non-navigable, would not extend the former boundaries of the plaintiff's land. When the said Wood received his deed, it gave him no right beyond ordinary high water mark, and it was the same as though so expressed in the deed, and the said act of

Congress would not have the legal effect to extend his boun-
daries as claimed by the plaintiffs, and the plaintiffs, claiming
through him, and deriving their right from his title, are
limited to high water mark." The plaintiffs assign the giv-
ing of this instruction as error.

The plaintiffs contend that it is not true that the deed un-
der which they claim gave their ancestor no right beyond
high water mark. They contend that he had rights beyond
high water mark as a riparian proprietor, and that, too, though
the stream was navigable; citing *Musser v. Hershey*, 42 Iowa,
356; *Railroad Company v. Schurmer*, 7 Wall., 287; and
*Yotz v. Milwaukee*, 10 Wall., 504. In the last case MILLER,
J., said: "This riparian right is property, and is valuable,
and, though it must be enjoyed in due subjection to the
rights of the public, it cannot be arbitrarily destroyed or im-
paired."

Such, doubtless, is a fair expression of the law; but this is
not the precise point upon which the controversy turns. It
may not be quite correct, as the court below said, that Wood
acquired no rights beyond high water mark. What the
court meant, doubtless, was, that Wood acquired no rights as
against the occupancy by the railroad company. This, and
this only, was it necessary to say, as preliminary to the further
proposition that Wood acquired no right, subsequently, by
the act of Congress. To this extent it is true that Wood ac-
quired no right by his deed—*Tomlin v. Railroad Company*,
above cited; and if the court went further, it relied upon an
immaterial point, and the plaintiffs were not prejudiced.

The principal difficulty arises when we reach the question
as to whether the act of Congress· conferred an additional
right. The plaintiffs, in support of their position that it did,
cite *Lockwood v. Railroad Company*, 37 Conn., 387. But
that case involves only the principle of accretion, and change
of boundary as consequent thereon. No such principle is in-
volved in this case; nor have we a case where the plaintiffs'
estate was at one time burdened by another which has since

been extinguished. They claim an extension of boundary, but only as an incident to the act of Congress declaring the stream non-navigable. We have been unable to discover any authority or principle upon which we could hold that the act had that effect. The case is somewhat like that of the vacation of a street. The boundary of the land abutting on the street is not changed. If the adjacent owner was the owner of the fee to the middle of the street, he would, of course, enjoy whatever benefit there might be in the extinguishment of the public easement. But if he was not the owner of such fee, the vacation of the street would not confer it.

In respect to a riparian proprietor, we think that this, and this only, can be said: While the stream is navigable, his riparian rights are subject to the public right of navigation; after it is declared non-navigable, they are not.

Some other questions have been presented, but it is not material to determine them. Upon the undisputed facts, and with the view of the law which we have taken, we have to say that we think that the plaintiffs are not entitled to recover.

AFFIRMED.