SERRIN ET AL. V. GREFE.

1. **Riparian Rights:** NAVIGABLE RIVER DECLARED NOT NAVIGABLE: EFFECT ON BOUNDARIES OF ADJACENT LANDS. Plaintiffs owned land adjacent to the Des Moines river, under patents from the government, which bounded the land by meandering lines following the banks of the river. When the lands were surveyed and the patents issued by the government, the river was regarded as navigable, but afterwards, by act of congress, the river was declared not to be navigable. *Held* that such act of congress did not have the effect to extend plaintiffs' boundary beyond the high-water mark to the middle of the stream, and that plaintiffs could not recover the value of ice taken from the stream by defendant. *Wood v. Chicago, R. I. & P. R'y Co.*, 60 Iowa, 456, followed.

*Appeal from Polk Circuit Court.*

WEDNESDAY, OCTOBER 21.

ACTION to recover the value of certain ice taken from the Des Moines river at a place where plaintiffs owned the land upon the adjacent banks. The circuit court instructed the jury to find for defendant, on the ground that plaintiffs held title to the land only to high-water mark, and that the title to the land covered by the stream between the lines of high water upon both banks is in the state. A verdict in accord with this instruction was returned, and judgment thereon rendered. Plaintiffs appeal.

*Finkbine & McClelland*, for appellants.

*Mitchell, Dudley & Parry*, for appellee.

BECK, CH. J.—I. The facts as shown by the pleadings and proof, briefly yet sufficiently stated, are as follows: (1) The assignee of plaintiffs hold title to certain lands situated upon the Des Moines river above the Raccoon forks, in the city of Des Moines. (2) The patents for the lands issued by the government describe them according to the government surveys as lots or fractions of sections. Each patent specifies the number of acres of land covered by it. (3) The Des Moines river was by the government surveys "meandered;" that is, the banks of the river were surveyed, and the lines thereof indicated by courses and distances. The boundaries of the lots and fractions of sections were indicated in this manner. (4) The plaintiffs own a mill-dam across the river adjacent to their lands, which was erected under authority derived from the state, through the proper county officers, in the manner prescribed by the statute. (5) The act of congress of August 8, 1846, declared the Des Moines river to be a public highway, and that it should ever so remain. This provision was repealed by the act of congress of January 20, 1870.

II.   It cannot be doubted that the United States government at the time, and for a long time after, the lands were patented, regarded the Des Moines river as a navigable stream. Surely the patentee of the land acquired no other rights than those held by a riparian owner of lands adjacent to a navigable stream.   In this view his title extended no further than the bank as "meandered" by the survey, or to the actual high-water line.   It is impossible to discover any legal principle which would require us to hold that the act of congress repealing the former act declaring the stream to be navigable would extend the title of the patentee so that his land would be bounded by a line following the middle of the stream. This precise point is decided by this court in *Wood v. Chicago, R. I. & P. R'y Co.*, 60 Iowa, 456, wherein we held that the identical act of congress in question had no such effect.   The plaintiffs, then, have the rights, and no others, of riparian owners of land adjacent to a navigable stream. They do not claim that as such they have the exclusive right to the ice found in the river in front of their lands.

III.   Their claim is based upon the position that the river is not navigable, and that their lands, being bounded by it, extend to the middle of the stream.   It will be observed that the patents do not bound the lands by the river.   They described the lands according to the surveys which meandered the banks.   It is plain that these meandered lines constitute boundaries of the lands, and the title of the bed of the stream remained in the goverment, if it is subject to sale.

We find it unnecessary to follow counsel for plaintiff in their learned and ably presented argument discussing many doctrines of the law relating to the subject of the navigability of rivers, the rights of riparian owners, and the like.   Upon the controlling points of the case, see *La Plaisance Bay Harbor Co. v. City of Monroe*, Walk. Ch., 155; *Barney v. Keokuk*, 94 U. S., 324; *Wood v. Fowler*, 26 Kas., 682.

In our opinion the judgment of the circuit court ought to be '

                                                AFFIRMED.