J. JOSEPH NUGENT, *Atty. Gen., ex rel.* LUCIUS H. COLLINS, *et al. vs.* JOSEPH M. VALLONE, *Director, Department of Public Works, et al.*

JUNE 16, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

146

CONDON, C. J.   This is a bill in equity to enjoin the Commerce Oil Refining Corporation from building a pier in the east passage of Narragansett Bay about 900 feet from the east shore of Conanicut Island opposite the end of Eldred avenue in the town of Jamestown.   The bill also prays that Joseph M. Vallone, state director of public works, and Henry Ise, chief of the state division of harbors and rivers, be enjoined from further approving or authorizing the building of such structure and expending any public funds in connection therewith.   Certain citizens and taxpayers of Jamestown brought the bill originally in their own right, but later by leave of the superior court they substituted therefor an amended bill in the name of the attorney general on their relation and with his express consent.   After a hearing thereon before a justice of that court a decree was entered denying and dismissing the bill.   The cause is here on the relators' appeal from such decree.

148

In support of their appeal they have filed four reasons but only reason numbered IV is properly before us. Reasons I, II and III purport to challenge the correctness of numerous rulings on the admission of evidence, but instead of making each alleged erroneous ruling the subject of a separate reason of appeal relators have grouped certain rulings together in what may be described as omnibus reasons of appeal. This is not in accord with the practice established a long time ago by *Vaill* v. *McPhail,* 34 R. I. 361, and recently reaffirmed in *Rooke* v. *Grant,* 77 R. I. 447, and *Nelson* v. *Dodge,* 76 R. I. 1. In the latter case we expressly held that to obtain a review of alleged erroneous rulings made during the trial an appellant must set them out in separate, specific reasons of appeal. Since relators' reasons of appeal numbered I, II and III do not comply with this rule they will not be considered.

The amended bill seeks relief from threatened violation of public rights in the public waters of the state by the construction of the proposed pier. The relators do not allege any special injury peculiar to themselves or their property that would result therefrom. The main relief prayed for in the bill is that "said respondent, Commerce Oil Refining Corporation, be restrained temporarily and permanently from interfering with or encroaching upon public rights in and to the public waters and public lands adjacent to the area in question, namely, that area immediately east of Eldred Avenue in said Town of Jamestown," and also "from interfering with the riparian rights of the public in and to said Eldred Avenue and in and to the tidewaters and tidelands beyond the high water mark in said Narragansett Bay."

Without the permission of the attorney general the relators could not maintain a bill for such relief on the grounds alleged therein, since suit for the enforcement of purely public rights may be brought only by the proper public officer. *Dupre* v. *Doris,* 68 R. I. 67; *Boss* v. *Sprague,* 53 R. I.

1; *O'Brien* v. *Board of Aldermen,* 18 R. I. 113. By the filing of the amended bill the relators met this requirement.

However, while the attorney general gave his express consent to the bill he did not extend his official support to the relators. On the contrary, in his capacity as the chief law officer of the state he filed an answer to the bill on behalf of the respondents Vallone and Ise in which he denied that they had violated any public rights or that the proposed pier would be a public nuisance. Thus nominally at least the public appears to be on both sides of the controversy. This is a practice which should not be countenanced. However, since it apparently did not present an insuperable obstacle to an orderly consideration of the cause on the merits in the superior court we shall overlook it in this instance, but we do not approve such practice.

Under reason of appeal numbered IV relators allege that the decree is contrary to the law, to the evidence, to the law and the evidence, and that it fails to do justice and equity between the parties. In substance they contend that the proposed pier will be an interference with navigation; that it will constitute an unlawful appropriation of the public domain under the waters of the east passage; that respondents Vallone and Ise were without lawful authority to assent to the construction of said pier; that the provisions of general laws 1956, §46-6-2, under which they purported to act, are unconstitutional and void if construed so as to confer such authority; that the respondent corporation has no title to the shore at the easterly end of Eldred avenue, but such title is in the state in trust for the public; that the proposed pier will encroach upon and interfere with the riparian rights of the public at that point; and finally that said pier will be a public nuisance. In his decision the trial justice considered such contentions expressly or impliedly and rejected them.

The evidence shows that respondent corporation is the owner of the entire east shore directly opposite the proposed

pier including the easterly end of Eldred avenue. There is no merit in relators' contention that the title thereto is in the state. That portion of Eldred avenue was formally abandoned as a public highway by the town of Jamestown. See *Godena* v. *Gobeille*, 88 R. I. 121, 143 A.2d 290. Since respondent corporation is the sole abutting owner of the land on either side of such abandoned highway it is presumed to own the fee thereto. In this state there is a presumption that ownership of land abutting on a highway carries with it the fee to the center line thereof. *Anthony* v. *City of Providence*, 18 R. I. 699. The mere fact that Eldred avenue may have been originally an ancient colonial highway, as the relators contend, does not alter that rule. See *Davis* v. *Girard*, 74 R. I. 125; *Peck* v. *Smith*, 1 Conn. 103; *Town of Chatham* v. *Brainerd*, 11 Conn. 60.

As the sole riparian owner of the east shore, respondent corporation therefore had the right to wharf out into the east passage to avail itself of the full advantage of navigation. Many years ago this court observed in *Clark* v. *Peckham*, 10 R. I. 35, at page 38, "That, while the shore itself, and the space between high and low-water mark is public for passage, the riparian owner has a right of access to the great highway of nations, of which he cannot be deprived, is recognized by a great number of cases." Indeed it appears to have been long recognized in this state that this right to wharf out is a common-law right which, in the absence of statute to the contrary, will not be denied, provided that the exercise thereof does not interfere with navigation or the rights of other riparian proprietors. *Providence Steam-Engine Co.* v. *Providence & Stonington Steamship Co.*, 12 R. I. 348; *Engs* v. *Peckham*, 11 R. I. 210; *J. S. Thornton & Co.* v. *Smith Grant & Co.*, 10 R. I. 477. And in *Yates* v. *Milwaukee*, 77 U. S. 497, at page 504, the supreme court speaking of the rights of riparian owners said, "among those rights are access to the navigable part of the river from the front of his lot, the right to make a land-

ing, wharf or pier for his own use or for the use of the public, subject to such general rules and regulations as the legislature may see proper to impose for the protection of the rights of the public, whatever those may be."

In the case at bar respondent corporation did not assert its right until it had submitted its proposal to the duly constituted federal and state authorities for approval. The chief of the corps of engineers of the United States Army on behalf of the federal government certified that the proposed pier would not be a hazard to navigation. The respondents Vallone and Ise did likewise and gave their assent pursuant to the provisions of G. L. 1956, §46-6-2, which read as follows:

> "Approval of plans for construction of wharves and piers.—All persons who shall build into or over public tidewaters, by authority of said department or by authority of the general assembly, any wharf, pier, bridge or other structure, or drive any piles into the land under public tidewater, or fill any flats, shall, before beginning such work, give written notice to the department of public works of the work they intend to do, and submit plans of any proposed wharf or other structure and of the flats to be filled, and of the mode in which the work is to be performed; and no such work shall be commenced until the plan and mode of performing the same shall be approved in writing by the director of public works; and said director may alter the said plans at his discretion and may prescribe the direction, limits and mode of building the wharves or other structures; provided, that nothing herein contained shall be construed to impair the rights of any riparian proprietors to erect wharves authorized to be erected under any of the laws establishing harbor lines within the state, or otherwise by the general assembly."

However, relators contend that respondents Vallone and Ise could not validly assent thereunder as such assent would be tantamount to giving away the soil under the waters of the east passage which the state holds in trust for the pub-

152

lic. They argue further that if §46-6-2 is construed to grant such authority it is violative of article I, sec. 17, article III, and article IV, secs. 1, 2 and 14, of the state constitution.

There is no merit in any of those contentions. It is true that the state holds title to the soil under the public waters of the state. However, it holds such title not as a proprietor but only in trust for the public to preserve their rights of fishery, navigation and commerce in such waters. The duly constituted public authorities have certified that the proposed pier will not interfere with any of those public rights. It was evidently for the purpose of assuring, in advance of any actual wharfing out, the full protection of such rights by lawful and reasonable regulation that the legislature enacted G. L. 1956, §46-6-2.

Therefore we must assume that respondents Vallone and Ise acted in the exercise of such regulatory authority. Their assent to the proposed pier was sufficient, as far as the state was concerned, to warrant respondent corporation's exercise of its common-law right as a riparian owner to wharf out in order to obtain suitable access to the sea. And as far as the federal government's control over navigable waters was concerned the permit from the corps of engineers removed any possible objection on that score.

In so far as relators claim that the pier will be a public nuisance they take nothing by such contention. The approval of the pier by respondents Vallone and Ise on behalf of the state and by the chief of the corps of engineers on behalf of the federal government precludes relators from arguing that it will be either an interference with supposed riparian rights of the public or a hazard to navigation. Exercise of the right to do that which the law authorizes cannot be a public nuisance. *State* v. *Barnes,* 20 R. I. 525. In view of the absence of disapproval on the part of those public officials authorized to do so, the mere construction of the proposed pier was rightly held by the trial justice not

to be unlawful and hence not a public nuisance. Whether the manner in which the pier is hereafter used will amount to such a nuisance is quite another question and *non sub judice* at this time.

We will not discuss further the numerous points and the authorities cited in support of them in relators' brief and answered seriatim in the respondent corporation's brief, since many of them are predicated on the reasons of appeal which we have hereinbefore rejected as defective. The other points are merely incidental to the main points which we have already treated above. No useful purpose would be served and this opinion would be needlessly lengthened by further elaboration. Suffice it to say that in general we find no reversible error in the trial justice's decision on such points.

The relators' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Cornelius C. Moore, Charles H. Drummey, Salvatore L. Virgadamo, Francis J. Boyle,* for relators.

*Letts & Quinn, Andrew P. Quinn, Daniel J. Murray, Jerome B. Spunt,* for respondents.