HOWARD F. WINSTEAD *vs.* JOSEPH DiCENZO *et al.*

NOVEMBER 8, 1962.

PRESENT: Condon, C J., Roberts, Paolino and Frost, JJ.

ROBERTS, J.   This bill in equity was brought to enjoin a respondent owner and riparian proprietor of certain lands located on the easterly shore of Old Warwick Cove, a body of navigable water lying within the city of Warwick, from erecting a proposed wharf thereon that would extend into the waters of said cove and to also enjoin two respondent state officers from continuing, in their official capacities, to assent to such erection.   The cause was heard by a justice of the superior court who thereafter on December 15, 1961 entered a final decree denying and dismissing the bill as to all the respondents.   From the entry of that decree the complainant has prosecuted his appeal to this court.

It appears from the uncontradicted evidence that complainant is the owner of certain real estate located on the southerly side of Tiffany avenue, so called, on the easterly shore of Old Warwick Cove, hereinafter referred to as the cove, and is the proprietor of the riparian estate therein. Located within and upon this estate is a wharf that extends into the waters of the cove a distance of approximately 190 feet.   It appears further that complainant is engaged in a commercial fishing business and has used this wharf to shelter his fishing vessels since 1954.

It appears further that Joseph DiCenzo, hereinafter referred to as respondent, is the owner of a parcel of land located on the northerly side of Tiffany avenue on the easterly shore of the cove and is also the proprietor of the ri-

parian estate therein. It appears that in 1959 he petitioned the appropriate state officers for an assent to the erection of the wharf he proposes to build, which would extend into the cove in a westerly direction for a distance of approximately 192 feet. On or about February 18, 1960 complainant received notice that assent had been given over his objection thereto.

The complainant avers that the wharf proposed by respondent would, if erected, obstruct and interfere with access to his wharf in the conduct of his business. He avers specifically that by the erection of the proposed wharf his conduct of that business "will be greatly and adversely affected in that the navigation of boats and water craft to and from the northerly side and westerly end of your complainant's pier will be permanently and seriously restricted." A preliminary injunction was issued after a hearing in the cause, such relief being conditioned on complainant's consent to respondent's use of his wharf for the mooring of a vessel owned by him.

The complainant does not challenge the common-law right of respondent as a riparian proprietor to wharf out to navigable waters within the limitations established by the pertinent statutory provisions. Neither does he charge that the proposed wharf, if erected by respondent, would encroach upon the tide-flowed lands in front of his property wherein lies his riparian estate. The gist of complainant's contention is that the wharf which respondent proposes to erect admittedly will substantially infringe upon complainant's similar right as a riparian owner to have access to his lands from navigable waters. See *Nugent ex rel. Collins* v. *Vallone*, 91 R. I. 145, 161 A.2d 802.

The complainant contends that his right of access to his wharf from the navigable waters of the cove will be so substantially restricted that it would result in irreparable injury and warrant the grant of injunctive relief. He supports this position by arguing that the trial justice miscon-

ceived the law applicable in such cases when he held that, to warrant the granting of such injunctive relief, complainant would have to establish that the proposed wharf, if erected, would totally deprive him of the use of his wharf.

It is our opinion, however, that in making this argument complainant misconceives the character of the finding made by the trial justice. We do not agree with his contention that the trial justice found that the proposed wharf would result in a substantial interference with his use of his own wharf in the conduct of his fishing business. Rather we are constrained to take the view that the trial justice found that the erection of respondent's proposed wharf would inconvenience complainant in making use of the existing wharf. We are unable to perceive that this finding constitutes a finding of substantial deprivation of complainant's access to his wharf.

In other words, it is our opinion that the issue, of whether a substantial interference with complainant's right of access to his wharf through the erection of respondent's proposed wharf requires the interposition of the injunctive relief here sought, is not before us for decision because complainant fails to show that the trial justice was clearly wrong in finding that the erection of respondent's proposed wharf would do nothing more than inconvenience complainant in making use of the existing wharf.

The trial justice summarized his finding by stating that he was without power to require respondent to modify the proposed construction "solely on the ground that this will not serve the convenience of the complainant, and may on occasion cause the complainant to suffer some inconvenience." This is a finding made by a justice of the superior court sitting in equity and on appeal, as such, is entitled to great weight and will not be disturbed by this court unless shown to be clearly wrong. *McDonough* v. *McDonough,* 88 R. I. 243.

We do not perceive that the complainant has directed our attention to any material evidence in the record that the trial justice either overlooked or misconceived in making such finding. On the contrary, an examination of the transcript in the light of the decision reveals that he considered the evidence in considerable detail and specifically evaluated such of it as was in its nature expert opinion as to the effect of the construction of the proposed wharf on the complainant's access thereto.

In so doing, he saw and heard the witnesses, an advantage which we do not have, and this is particularly so with reference to those who testified as to the technical problems involved in the navigation of small boats approaching or leaving the complainant's wharf. In these circumstances we cannot say that the trial justice was clearly wrong in finding that the erection of the respondent's proposed wharf would do nothing more than inconvenience the complainant's use of his own wharf.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Philip W. Noel, Joseph G. Miller,* for complainant.

*John Quattrocchi, Jr.,* for respondent Joseph DiCenzo.